## EISMINGER v. BEMAN.

No. 1813.  Opinion Filed May 14, 1912.

(124 Pac. 289.)

1.     **PLEADING—Motion to Make More Definite.** Under Comp. Laws 1909, sec. 5659, providing that, when " * * * the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment," it is not error to overrule a motion to make a pleading more definite and certain when it is sufficient to inform the opposing party of the precise nature of the charge or defense.

2.     **TRIAL—Instructions—Reservation of Exceptions.** When the instructions are given in writing, and following them the case-made recites, "To the giving of the said instructions and each and all of them the defendant then and there excepted and excepts, and his exceptions were by the court allowed," this is not a sufficient reservation of an exception to any particular instruction contained in the charge under section 5795 of Comp. Laws 1909.

3.    **SAME—Repetition.** When the instructions as given fairly contain the substance of an instruction refused, the refusal of such instruction is not reversible error.

4.    **APPEAL AND ERROR—Review—Refusal of New Trial.** Under the ruling that, before a new trial will be granted because of/ newly discovered evidence, it must be made to affirmatively appear that the new evidence would be sufficient to probably produce a different result, a certain amount of discretion is vested in the trial court, and his ruling will not be reversed here unless we are able to see that such evidence would probably produce a different result.

(Syllabus by Ames, C.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by Oscar S. Beman against James A. Eisminger. Judgment for plaintiff, and defendant brings error. Affirmed.

*James Q. Louthan,* for plaintiff in error.

*W. K. Moore* and *Moss, Turner & McInnis,* for defendant in error.

Opinion by AMES, C.   The plaintiff sued the defendant for $10,000, damages for alienating the affections of his wife. The case was tried to a jury, resulting in a verdict for $400. The first error assigned is that the court erred in overruling the defendant's motion to require the plaintiff to make his petition more definite and certain.   The petition alleged that the defendant frequently gave to the plaintiff's wife money, that he made frequent trips to the farm upon which the plaintiff was residing, and that he, by these and other ways, alienated the affections of the plaintiff's wife.

The motion asks that the plaintiff be required to state the dates and number of times money was given, and the amount given at each time; also that he state the number and dates of the times of defendant's frequent visits to the plaintiff's wife; also that he state specifically "what other ways" the defendant used to alienate her affections.   This motion was overruled, as we think, properly.   Our statute provides (section 5659 of Comp. Laws 1909):

"If redundant or irrelevant matter be inserted in any pleading, it may be stricken out on motion of the party prejudiced thereby; and when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."

There was no showing of injury resulting to the defendant by overruling this motion, and upon the face of the motion no information was called for which seemed necessary, and we do not think the court abused his discretion in overruling the motion. When the petition is sufficiently definite and certain to disclose to the defendant the precise nature of the charge which is brought against him, and the court in its discretion overrules the motion to require it to be made more definite and certain, that ruling will not be reversed unless it has resulted prejudicially. *Ft. Smith & W. R. Co. v. Ketis,* 26 Okla. 696, 110 Pac. 661.

Objection is made to the admission of evidence. One of the objections is that the court permitted a question to be answered twice. Another is that a question is leading and suggestive. Another is that a question was improper cross-examination. Other objections are made to the exclusion of certain evidence by the court. To examine all of these objections *seriatim* would protract this opinion unduly. It is sufficient to say that we have examined the entire record, and that we think the objections, one and all, are without merit.

The next error assigned is that the court erred in giving the instructions, but no sufficient exception was saved. In the case-made, after the instructions have been set out in full, the following recital appears:

"To the giving of the said instructions and each and all of them, the defendant then and there excepted and excepts, and his exceptions were by the court allowed."

Our statute provides (Comp. Laws 1909, sec. 5795):

"A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each

instruction, 'Refused and excepted to,' or, 'Given and excepted to,' which shall be signed by the judge."

This is not a sufficient exception. *McCabe & Steen Construction Co. v. Wilson,* 17 Okla. 355, 87 Pac. 320; *Glaser v. Glaser,* 13 Okla. 389, 74 Pac. 944; *Holloway v. Dunham,* 170 U. S. 615, 18 Sup. Ct. 784, 42 L. Ed. 1165.

In *Isnard v. Edgar Zinc Co.,* 81 Kan. 765, 106 Pac. 1003, it is said in the first paragraph of the syllabus:

"Where instructions are given to a jury in numerous paragraphs involving several propositions, and the only exception to any or the whole of such instructions is the following: 'To each and every instruction given by the court to the jury adverse to the defendant, and to each and every part thereof, and to the instructions as a whole, the defendant at the time duly excepted and excepts,' *held,* that this exception amounts only to a general exception, and is insufficient to challenge the attention to any specific paragraph, and insufficient to bring to the consideration of this court any separate paragraph, and will not avail as an exception unless the whole charge is erroneous or unless the charge in its general scope or meaning is erroneous."

It has been held in *Hurst v. Hill, ante,* 122 Pac. 513, that this section does not apply where, by consent of all parties, the instructions are oral.

The defendant alleges that the court erred in refusing to give to the jury an instruction requested, the substance of which was that if the relations between the defendant and the plaintiff's wife are capable of two interpretations, one innocent and the other wicked, the jury might accept the innocent construction. But this instruction was substantially covered by the charge as given by the court, in which he stated to the jury that kindnesses and courtesies extended by the defendant to plaintiff's wife would not in themselves justify a verdict unless they were accompanied with the malicious, willful, and wrongful intent of the defendant to alienate the affections of the plaintiff's wife, and that they did so do. And it is well settled that the refusal of a charge is not prejudicial error when the substance of it is contained in other charges which are given.

It is also claimed that the court erred in exhibiting to the jury his bias and prejudice against the defendant, but a careful examination of the record, it seems to us, demonstrates that the court acted with perfect fairness in the matter, and that no just criticism can be made of his conduct toward the parties.

The last error alleged is in overruling the motion for new trial on the ground of newly discovered evidence. The newly discovered evidence consisted of a letter from the plaintiff to his wife, written about ten days before the trial, relative to the trial, and affidavits of several witnesses that they had seen the plaintiff and his wife together before and just after the trial. The rule in such cases is stated in *Huster v. Wynn,* 8 Okla. 569, 58 Pac. 736, as follows:

"It is a general rule that, before a new trial will be granted on the grounds of newly discovered evidence, it must be made to affirmatively appear that the new evidence would be sufficient to probably change the verdict and produce a different result. *Morgan v. Bell,* 41 Kan. 345, 21 Pac. 255; *Clark v. Norman,* 24 Kan. 515; *State v. Smith,* 35 Kan. 618, 11 Pac. 908; *Carson v. Henderson,* 34 Kan. 404, 8 Pac. 727; *Sexton v. Lamb,* 27 Kan. 432; *State v. Stickney,* 53 Kan. 308, 36 Pac. 714 [42 Am. St. Rep. 284]."

This was quoted with approval by us in *Lookabaugh v. Bowmaker,* 30 Okla. 242, 122 Pac. 200. In *McCants v. Thompson,* 27 Okla. 706, 709, 115 Pac. 600, 601, it is said, "A new trial should not be granted on newly discovered evidence unless such evidence, if before the jury, ought to have changed the verdict," and this language is quoted by the court in *Hobbs v. Smith,* 27 Okla. 830, 841, 115 Pac. 347, 351 (34 L. R. A. [N. S.] 697).

Under this rule it is manifest that there is a certain amount of discretion vested in the trial court to determine whether or not the proposed evidence would probably produce a different result, and that court is in better position to reach a conclusion on this question than is this court. He has heard all the evidence, he has seen the witnesses and has acquired a familiarity with the case which it is impossible for us to equal by a study of the written record. We cannot say that the trial court was wrong

in this case, or that the evidence offered, if competent, would have probably produced a different result.

Finding no reversible error in the case, we think the case should be affirmed.

By the Court: It is so ordered.