## DENSON *et al.* v. FOWLER.

No. 6250.    Opinion Filed February 29, 1916.

Rehearing Denied March 28, 1916.

(155 Pac. 1184.)

1. **TRIAL—Instructions—General Exception.** Where the charge to the jury consists of a series of specific instructions separately stated and numbered, a general exception to the entire charge will not be available if any one of such instructions is correct.

2. **APPEAL AND ERROR — Presentation Below — Instructions.** Where proper exceptions have not been taken and preserved to any particular instruction, and the objection presented to the trial court by a proper specification in the motion for new trial, no assignment of error in this court will entitle the complaining party to have the instruction considered.

(Syllabus by Rummons, C.)

*Error from County Court, McCurtain County;*
*E. E. Cochran, Judge.*

Action by R. C. Denson and others against D. A. Fowler and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Gore, Hosey & Jones,* for plaintiffs in error.

Opinion by RUMMONS, C.   The only assignments of error argued in the brief of plaintiffs in error are that the court erred in giving to the jury instructions Nos. 1 and 2.   Upon an examination of the record we find that the court gave the jury five instructions.  At the bottom of the instructions given, as shown in the record, appears the following: "Plaintiffs except to all of the instructions except the last two."   It has been repeatedly held in this court that:  "Where proper exceptions have not been taken and preserved to any particular instruction, and the objection presented to the trial court by proper specification in the motion for new trial, no assignment of error in this court will entitle the complaining party to have the instructions considered;" and that, "where the charge to the jury consists of a series of specific instructions separately stated and numbered, a general exception to the entire charge will not be available if any one of such instructions is correct."   *Glasser et al. v. Glasser et al.,* 13 Okla. 389, 74 Pac. 944; *A. B. Farquhar Co. v. Sherman,* 22 Okla. 17, 97 Pac. 565; *Taylor v. Johnson,* 23 Okla. 50, 99 Pac. 645; *Shelby v. Shaner,* 28 Okla. 605, 115 Pac. 785, 34 L. R. A. (N. S.) 621; *Eisminger v. Beman,* 32 Okla. 818, 124 Pac. 289; *Cummings v. Lobitz,* 42 Okla. 704, 142 Pac. 993, L. R. A. 1915B, 415.

The third instruction, which was embraced in the general exception of plaintiffs, was as to the burden of proof, and correctly stated the law; nor was it complained of in the brief of plaintiffs in error.

We are therefore precluded from examining the assignments of error urged in the brief of counsel for plaintiffs in error, and the judgment of the trial court should be affirmed.

By the Court:   It is so ordered.