## ALVA ROLLER MILLS v. SIMMONS.

No. 9350—Opinion Filed Aug. 13, 1918.

Rehearing Denied Nov. 18, 1919.

(185 Pac. 76.)

1. **Appeal and Error—Continuance—Discretion of Court.**

The granting or refusing of a motion for a continuance is a matter addressed to the sound discretion of the court; and, in the absence of the abuse of such discretion, its action will not be disturbed on appeal.

2. **Master and Servant—Petition—Injury to Servant—Violation of Statute.**

A petition, which charges a violation of the Factory Act and sets out the particulars constituting such violation and alleging that the injuries received are the direct and proximate result of negligence in failing to comply with said act, states a cause of action that is good against a general demurrer,

3. **Trial—Demurrer to Evidence—Overruling.**

When a demurrer is interposed to the evidence of plaintiff and there is competent evidence reasonably tending to support the allegations of the petition, it is not error to overrule such demurrer.

4. **Trial—Direction of Verdict—When Proper.**

When a motion is made at the close of the evidence by the defendant for a directed verdict, it presents to the trial court the question whether, admitting the truth of the evidence, which has been given in favor of the plaintiff, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict, should the jury find in accordance therewith. Where the evidence is conflicting, and the court is asked to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration, and totally disregarded, leaving for consideration that evidence which is favorable to the party against whom the motion is leveled. If, upon such consideration, there appears to be sufficient evidence to support a verdict for the plaintiff, it is not error to overrule the motion to direct a verdict for the defendant.

5. **Appeal and Error—Reservation of Exceptions—Form.**

In order to have an instruction reviewed on appeal, it is necessary to except to said instructions and have said instruction signed by the trial judge, and an exception taken to written instructions in the following form: "By Mr. Sutton: The defendant objects and excepts to instructions ½, 3, 4, 5, 6, 7, 8, 10, and 13, given to the jury" is too general and not sufficient exception under section 5003, Rev. Laws 1910, to bring before this court for review any particular instruction.

6. **Damages — Excessiveness — Injury to Servant.**

The verdict examined in this case, and held not to be so excessive as to warrant a reversal of this cause, or to require this court to order a remittitur to be made.

(Syllabus by Davis, C.)

Error from District Court, Woods County; W. C. Crow, Judge.

Action by Lewis E. Simmons against the Alva Roller Mills. Judgment for plaintiff, and defendant brings error. Affirmed.

Samuel A. Harper and Arthur G. Sutton, for plaintiff in error.

R. M. Chase and Sandor J. Vigg, for defendant in error.

Opinion by DAVIS, C. This is an action that was commenced in the district court of Woods county, Okla., by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover damages for injuries sustained by the plaintiff while working in the flour mill of defendant. The plaintiff based his cause of action on the ground that the defendant was negligent in that it failed and neglected to provide him a reasonably safe place in which to work, and the particular negligence charged by the plaintiff against the defendant is that the defendant was negligent in not providing the main line shaft and shafting and conveyor pulleys with loose pulleys and belt shifters when it was practicable so to do; that the defendant was negligent in failing to properly guard the main line shaft and pulleys and set screws at the point where said plaintiff was required and directed to work; and that the defendant was negligent also in not having its conveyors and elevators connected therewith constructed and maintained in such a manner that the same would not, and

could not, become choked and clogged in the operation of said mill; and that the defendant was also negligent in failing to place proper and suitable guards around the set screws or over the set screws on the main line shaft in said mill; and that by reason of these acts of negligence that the plaintiff, while attempting to place a belt on one of the conveyors, was caught in said belt and jerked against the main line shaft in said mill, receiving injuries thererrom that has caused him great pain and suffering and has permanently impaired his ability to do manual labor, and caused him to incur large expenses in securing medical attention—for all of which the plaintiff prays damages in the sum of $15,300. The defendant filed a demurrer to the petition of plaintiff on the grounds that the allegations set forth in said petition were not sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. On the 10th day of February, 1916, the demurrer was overruled and exceptions taken. Thereafter the defendant filed its answer, which consisted of a general denial and a plea that the plaintiff had by his contract of employment assumed all risks' that were incident to said employment, and that said injury complained of and sustained by the plaintiff were due to his contributory negligence and want of care, and that the defendant had discharged its full legal obligation to plaintiff by furnishing him with a reasonably safe place to work and reasonbly safe appliances with which to work. A reply was filed by the plaintiff on these issues, the cause was tried on the 16th day of February, 1917, and a verdict returned in favor of the plaintiff, awarding him the sum of $10,000 as damages. A motion for new trial was filed and overruled, and from the action of the court in overruling said motion an appeal was taken to this court. When the case was called for trial on the 10th day of February, 1917, a motion for a continuance was filed by the defendant, and a continuance asked on the ground that Dan Murphy was a material witness in the case, and that his presence could not be secured at said trial, notwithstanding due diligence had been exercised by the plaintiff to obtain it. After due consideration this motion was denied, to which action the defendant excepted.

This is the first ground urged for a reversal of this case. The material part of said motion is that which relates to the evidence of Dan Murphy, and it is stated in said motion that if he were present he would testify that he did not instruct or ask the plaintiff herein to put the belt on the drive pulley that drives the conveyor to elevator

No. 26 in Alva Roller Mills, on said, date or any other pulley; that he told him never to put a belt on the driven pulley that drives or operates any conveyor in case of a chokeup until the elevator and entire conveyor had been fully relieved of its choked condition and that he had also told him how to proceed to put on such a belt with safety. There was no error committed by the court in overruling said motion. We think that the reasonable inference to be drawn from the statement in said motion as to what Mr. Murphy's evidence would be is that plaintiff was accustomed to assist in putting on belts when necessary. It is nowhere stated in the motion that Dan J. Murphy would testify if he were present that the plaintiff did not in fact assist in putting on said belts on the day that he was injured, and the evidence in this record discloses that at the time the injury was received, or just prior thereto, that Dan J. Murphy was present and assisted the plaintiff in placing said belt on the conveyor that was choked. In view of the entire record we are unable to see that the action of the court was prejudicial to the rights of the defendant. It has been decided by this court in a uniform line of decisions that the granting or refusing of a motion for a continuance is matter addressed to the sound discretion of the court, and in the absence of an abuse of such discretion its action will not be disturbed here. Jennings Co. v. Dyer, 41 Okla. 468, 139 Pac. 250, Fire Association of Phil. v. Farmers' Gin Co., 39 Okla. 162, 134 Pac. 443; Walton v. Kennamer, 39 Okla. 629, 136 Pac. 584.

The next error urged by the defendant is that the court was in error in not sustaining the demurrer to plaintiff's petition. We have carefully' examined the petition in this case, and it seems to meet all the requirements that are necessary to state a cause of action; and, if it is subject to any criticism whatever, it is the fact that it states more than is necessary, but for that reason it is not subject to a demurrer. It specifically charges that the defendant was negligent in not properly guarding the main line shaft and pulley and set screws thereof at the point where said plaintiff was required and directed to work; that the defendant was **negligent** in not providing the main line shaft and conveyor pulley with loose pulleys and belt shifter; and that by reason thereof the said negligence was the direct and proximate cause of the injury sustained by the plaintiff. The petition states a good cause of action, and there was no error in overruling said demurrer. Curtis & Gartside Co. v. Pribyl, 38 Okla. 511, 134 Pac. 71 49 L.

R. A. (N. S.) 471; Sulzberger & Sons Co. v. Strickland, 60 Okla. 158, 159 Pac. 833.

The third assignment of error is that the court should have sustained a demurrer to the evidence of plaintiff. The evidence in this case discloses that the defendant is the owner of a large flourmill at Alva, Okla.; that in the basement of said mill there is a main line shaft running east and west, and that said main line shaft is located in close proximity to the north side of the wall; that on said main line shaft are a number of pulleys and from these various pulleys belts are run to operate the mill. The number of elevators and conveyors operated from this mainline shaft by means of belts is about 30. It is further disclosed that the conveyors and elevators occasionally become choked, and when said elevators and conveyors become choked that the belt running from the main line shaft to the pulley on the choked conveyor would fly off, and that it became necessary to relieve the choked condition of the elevators and conveyors by taking the flour out of the bottom of the elevator, and after the said choked condition was relieved to then place the belt on the pulley of said conveyor. The main line shaft was located about 5 feet above the floor in the basement, and the pulley on the particular conveyor that became choked on the date of the injury was about 6 feet 10 inches south of the main line shaft, and about 7 feet above the floor. The plaintiff was engaged, when the injuries complained of here were received, in attempting to rebelt the conveyor, and the testimony tends to show that he was holding the belt in one hand and attempting to turn the conveyor with his other hand; and while in this attitude the belt slipped off of the pulley on the main line shaft to the west and came in contact with an unguarded set screw. The main line shaft was making about 250 revolutions per minute, and the unguarded set screw on the main line shaft caught the belt and wrapped it around the main line shaft. When this happened it caught the plaintiff's arm in the belt, and jerked him against a beam located just in front of the main line shaft, breaking his arm in numerous places and inflicting other minor injuries. Mr. Oliver, who was assisting in belting the conveyor, grabbed the plaintiff, and jerked him out of the belt in time to save his life. The main reason urged by defendant for the sustaining of its demurrer to the evidence is that there is some evidence tending to show that the proper and safe manner to place a belt on a pulley where the same has been thrown off as in the instant case is to first place the belt on the dead pulley, or what is commonly called the driven pulley, and then to place the belt on what is called the live pulley. It is practically conceded by all the witnesses that under ordinary circumstances this contention would be true, but the evidence tends to show that by reason of the fact that the main line shaft was located in such close proximity to the north wall of the building, and that by reason of the large number of pulleys operating on the main line shaft it was exceedingly dangerous to attempt to belt the pulley in the usual and ordinary way, and for that reason it became necessary to first place the belt on the live pulley and then place it on the conveyor pulley or driven pulley. The evidence was in conflict on this question; and, applying the rule that obtains in this jurisdiction, the court was not in error in overruling the demurrer of the defendant to the evidence. Ziska v. Ziska, 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S) 1; Miller v. Marriott, 48 Okla. 179, 149 Pac. 1164.

The fourth assignment of error is that the court should have directed the jury to return a verdict after the close of all the evidence. It is urged by counsel for the defendant that after the case was closed the uncontradicted evidence proves such a state of facts as to render the verdict contrary to the evidence and contrary to law, and the court committed error in rendering judgment against the defendant. With this contention we are unable to agree, the evidence is uncontroverted that the set screws on the main line shaft which caught this belt and caused it to wrap around the rapidly revolving main line shaft was unguarded, and that by reason of the unguarded condition of this set screw the plaintiff received the injuries complained of. In fact the counsel for defendant make this significant statement in their brief which is as follows:

"While the plaintiff in his petition complains of the failure to do everything required by the statute, his evidence or theory of the case show that the proximate cause of his injury was the catching of the belt in some set screws on the main line shaft and consequent winding of the belt on such shaft."

With this statement we are inclined to agree, and, this being true, the court was not warranted in directing a verdict at the close of the evidence. The rule announced in the case of Solts v. S. W. Cotton Oil Co., 28 Okla. 706, 115 Pac. 776, is as follows:

"The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence which

has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it. there is enough competent evidence to reasonably sustain a verdict should the jury find in accordance therewith. Where the evidence is conflicting and the court is asked to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the motion is leveled."

The foregoing rule has been uniformly approved by this court since the foregoing decision. And, applying the foregoing rule to the evidence on this case, the court properly overruled the motion to direct a verdict. Duncan Cotton Oil Co. v. Cox, 41 Okla. 633, 139 Pac. 270.

The fifth assignment of error is that of the court in giving certain general instructions to the jury. The plaintiff in his brief has raised the question of the sufficiency of the objections and exceptions taken by the defendant to the instructions complained of. The record discloses that after the general instructions had been given by the court that the following exceptions were taken, which exceptions are as follows:

"By Mr. Sutton: The defendant objects and excepts to instructions ½, 3, 4, 5, 6, 7. 8, 10, and 13, given to the jury."

With this contention we are inclined to agree. Section 5003, Rev. Laws 1910, provides as follows:

"A party excepting to the giving of instructions, or the refusal thereof shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction. 'Refused and excepted to,' or 'Given and excepted to,' which shall be signed by the judge."

Applying this rule, the exceptions taken by defendant to the foregoing numbered instructions are too general, and do not comply with the requirement as fixed by the statute. There is no exception taken at the close of each instruction or any one of them, and the attempted exception made by the defendant was not signed by the trial judge, which the foregoing provision provides shall be done. This statute has been construed in a number of cases, and it has been the uniform holding of this court that such an exception as was taken by the defendant in this case is too general, and does not bring to this court anything for review. In the case of Duncan Cotton Oil Co. v. Cox, 41 Okla. 633. 139 Pac. 270, the sufficiency of

certain exceptions to instructions was before the court for consideration, and in the body of the opinion the rule is stated as follows:

" 'Thereupon the court read his instructions to the jury.

" 'Mr. Gilbert: The defendant excepts generally and specially to each and every paragraph of the courts instruction to the jury.

" 'Mr. Gilbert: We except to the action of the court in refusing to give two instructions requested by the defendant.'

"This exception was not sufficient to bring before this court for review the instructions complained of. The instructions were in writing, and, if counsel wished to except to any one of them, it was his duty to except to that particular instruction, and thus call the attention of the trial court to it in order that the trial court might consider his objection and correct the error, if any, or at least be given an opportunity so to do. The proceeding for saving exceptions to instructions is plainly prescribed by section 5003, Rev. Laws 1910."

Eisminger v. Bemen, 32 Okla. 818, 124 Pac. 289; Denson v. Fowler, 56 Okla. 670, 155 Pac. 1184; Weleetka Light & Power Co. v. Northrop, 42 Okla. 561, 140 Pac. 1140.

Counsel for defendant earnestly insists that the case of Snyder v. Stribling. 18 Okla. 168. 89 Pac. 222, is conclusive of their contention in this case, and that the rule announced in that case is applicable to the case at bar. and that the exceptions taken in this case are sufficient to warrant a review of the instructions by this court. With this contention counsel is in error. In the foregoing case cited by counsel it is expressly stated that the exceptions taken by the counsel for the defendant were allowed and signed by the trial judge. In the case at bar the record discloses that the exceptions were neither allowed nor signed by the trial judge, and. so far as the record discloses the matter was never called to the attention of the court. There might be some merit in the contention of the counsel for the defendant if the exceptions taken by counsel had been signed and allowed by the trial judge, but in the absence of this the case at bar is not brought within the rule announced in the case of Snider v. Stribling. Counsel for defendant earnestly insists that this court is warranted in making an examination of the general instructions given by the trial judge under the following assignment of error: "Errors of law occurring at the trial and excepted to by this court." The contention of counsel would be true if the instructions themselves had been

excepted to properly and the exceptions allowed and signed by the trial judge, but in the absence of this the foregoing assignment of error does not warrant an examination of these instructions. The case of the First National Bank of Wetumka v. Nolen, 59 Okla. 20, 157 Pac. 754, relied upon by counsel for defendant, is not in point. The rule announced in that case is as follows:

"The statutory ground for a new trial, viz., 'Error of law occurring at the trial and excepted to by the party making the application,' will, when embraced in the motion for new trial, present on appeal any objection or exception made to the instructions at the trial in the statutory way."

We concede that this rule is the law in this jurisdiction, but in the foregoing case relied upon by counsel it is expressly stated the exceptions must have been taken to the instructions when the same were given in order to warrant a review of said instructions on appeal. In the present case no exceptions were taken to the instructions at the time they were given; hence the rule invoked as laid down in the foregoing case has no application. In other words, if proper exceptions are not taken to the instruction when the same are submitted to the jury, an assignment of error such as "error of law occurring at the trial and excepted to by the party making the application" will not warrant a review of the instructions given at the trial, which were not at the time excepted to by the party urging error.

It is next urged that error was committed by the court in refusing to give defendant's requested instructions numbered 2, 4 and 6 and also special instructions numbers 8 and 9. An examination of the record discloses that special instructions Nos. 2 and 4 were substantially given in the general instructions. There was no error in refusing special instruction No. 6 for the reason that the same is not the law applicable to the case at bar.

The special instruction requested is as follows:

"It was the duty of the plaintiff to exercise ordinary care and diligence to observe and become cognizant of obvious defects in machinery and working place, and he is charged with the knowledge and assumption of the risk of such defects as were known to him, or which could have been known by the use of ordinary care, to a person of reasonable prudence and diligence in his situation, so far as the common-law liability of the defendant is concerned."

The foregoing instruction, or at least that part of it which attempts to charge the plaintiff with the assumption of risk of such defects as were known to him, or could have been known by the use of ordinary care, has no application to this case, for the reason that the same is brought under section 3746, Rev. Laws 1910, and it is alleged that the defendant had not complied with the provisions of this section, and the evidence is undisputed that the particular set screw on the main line shaft which caught the belt in question was not guarded, and therefore the plaintiff did not assume the risk that necessarily resulted from this unguarded set screw. Therefore there was no error in refusing to give this instruction. We have carefully examined special instructions Nos. 8 and 9 offered by defendant, and, without setting them out in full, suffice it to say that, we are of the opinion that there was no error in refusing them, and that under the facts in this case the court was not warranted in giving them.

There were objections made to the introduction of a portion of the evidence at the trial of this cause. We have carefully examined the evidence to which objection was made, and the objection in so far as it relates to the evidence of the witnesses for the plaintiff goes more to the weight of the evidence than to the competency, and therefore it was not error to admit the testimony of the witnesses offered in behalf of the plaintiffs to prove that it was practicable to place loose pulleys on the machinery in question and to provide the same with belt shifters. With reference to the evidence offered on behalf of the defendant we think that the trial court was very liberal in this respect; and, if any error was committed, it was prejudicial to the plaintiff rather than the defendant.

The court is asked to reverse this case for the reason that the amount of the verdict assessed by the jury is so excessive that it shows that there existed passion and prejudice against the defendant. If an examination of the record disclosed such a state of facts this court might be warranted in reducing the verdict. In considering the size of this verdict it will be borne in mind that it covers various items, one of which is suffering that the plaintiff has endured in the past and the probable suffering that he may endure in the future; another consideration is his impairment to earn money in the future. The evidence discloses that the plaintiff was caught in this belt and jerked against the beam in front of the main shaft; that his arm was broken both above and below the elbow; that both bones of the arm were broken above the

elbow, and to such an extent that the bones were pushed through the flesh; the injury to the shoulder was such that it required an operation and the removal of certain portions of the splintered bones; that a steel plate was placed on his shoulder or near his shoulder, and screwed to the bones for the purpose of strengthening his arm. The plaintiff was confined to his bed for a long time, and on account of the intense pain and suffering caused by these injuries was required to be kept under the influence of opiates for several weeks. The plaintiff submitted to a physical examination at this trial. Dr. Geo. N. Bilby made this examination, and was placed on the stand by the defendant, and testified that, in order for the plaintiff to ever be able to use his arm that was injured so as to perform manual labor, it would require an operation to loosen the bones in the forearm and have the ends shortened and have metal plates put on, and by doing this, and then using the arm so as to develop the muscles, that his arm might be developed so that it would be 75 per cent. usable, but that under any circumstances the plaintiff's arm will continue to be deformed, and that the plaintiff will never be able to do hard manual labor. The size of this verdict should also be considered in reference to the value of money as it now exists. While this verdict is seemingly very large, yet a $10,000 verdict at this time is probably not as excessive as a $5,000 verdict would have been 10 years ago. Practically all of the cases cited by counsel for defendant were decided many years ago, when conditions were entirely different from the conditions existing at the present day. We are inclined to believe that the jury had a better idea of the amount of money that was necessary to compensate this plaintiff for his suffering and physical impairment than this court could possibly have.

There is nothing in this record that indicates that this verdict was the result of either passion or prejudice. It is true that counsel for the defendant on cross-examination attempted to cast upon the reputation of this plaintiff some aspersions by certain irrelevant and incompetent questions, which were excluded by the trial court, but we are inclined to believe that counsel for the defendant is not in a position to take advantage of its own conduct in this manner.

The plaintiff was injured on the 7th day of May, 1915. On that date he was a man 30 years of age, and was earning $700 a year as a laborer in the mills of the defendant. He had been employed continuously for a period of 4 years prior to the time

that this injury occurred. Since receiving this injury his ability to perform manual labor has been very materially impaired. The injuries received are shown by the evidence to be very painful. Thirteen days after the injury was received it became necessary to perform an operation for the purpose of putting on his shoulder the metal plate heretofore referred to, and when this operation was performed there was removed from his arm shattered portions of the bone. He was compelled to carry this arm in a sling for a period of 1 year.

We are therefore of the opinion that the judgment of the trial court should be affirmed, and therefore recommended that the same be done.

By the Court: It is so ordered.