**NATIONAL BANK OF HASTINGS v. OKLAHOMA STATE BANK.**

No. 9885—Opinion Filed Feb. 15, 1921.

(Syllabus by tLe Court.)

**1. Appeal and Error—Harmless Error—Admission of Evidence.**

A party cannot complain of the admission of evidence over his objection to a single question where he permits like evidence of another witness to be admitted without objection.

**2. Appeal and Error — Review — Sufficiency of Exceptions—Instructions.**

An exception to written instructions taken in the following form: "Plaintiff objects and excepts to the court giving the instructions as a whole and to each and every paragraph, sentence and statement at the time"—is too general and not sufficient under section 5003, Rev. Laws 1910, to bring before this court for review any particular instruction.

**3. Appeal and Error—Waiver of Errors—Briefs.**

Errors in refusing instructions excepted to and assigned as error, but which alleged errors are not argued in the brief of complaining party, will be regarded as waived and not to be considered by this court.

Error from County Court, Jefferson County; E. L. Dillard, Judge.

Action by the National Bank of Hastings against the Oklahoma State Bank. Judgment for defendant, and plaintiff brings error. Affirmed.

J. W. Brooks, for plaintiff in error.

Green & Pruet, for defendant in error.

McNEILL, J. This action originated in the justice of peace court, between the two banks over clearing certain checks. The total amount in dispute was $35. The defendant, Oklahoma State Bank, admitted liability in the amount of $10 and tendered the same to plaintiff before the commencement of the action and thereafter tendered that amount into court, leaving the amount in dispute only $25.

From a judgment in favor of defendant in the justice court, an appeal was taken to the county court, and the defendant again prevailed, and from said judgment the plaintiff has appealed to this court.

The first error complained of is the trial court erred in admitting evidence, over the objection of plaintiff in error, tending to prove the customary usage of banks in Jefferson county to treat and regard each day's clearances as a final settlement between the banks when the books of each bank balanced. Plaintiff in error contends the evidence objected to appears in case-made on pages 89 to 95, but does not set out the record in his brief, as required by the rules of this court. An examination of the record discloses an objection was interposed to the question asked concerning what the custom was, which objection was overruled and an exception taken to the ruling of the court. The record discloses, however, that Perry Wade, a witness, testified what this custom was, and this testimony was admitted without objections. If this evidence was inadmissible, the plaintiff in error cannot now complain, in view of the rule announced by this court in the case of Whitehead Coal Mining Co. v. Schneider, 75 Okla. 175, 183 Pac. 49, where this court stated as follows:

"A party cannot complain of the admission of evidence over his objection to a single question, where he permits like evidence of other witnesses to be admitted without objection."

It is next contended that the court erred in giving certain instructions to the jury. Section 5003, Rev. Laws 1910, provides that if the parties desire to have the instructions reviewed on appeal, it is necessary to except to said instructions. The only exceptions saved to the instructions was as follows: "The plaintiff objects and excepts to the court giving instructions as a whole and to each and every paragraph, sentence and statement at the time." This exception is too general, and is not a compliance with the requirements of the statute. This statute has been construed in a number of cases, and it has been the uniform holding of this court that such an exception is too general, and does not bring to this court anything for review. Duncan Cotton Oil Co. v. Cox, 41 Okla. 633, 139 Pac. 270; Eisminger v. Beman, 32 Okla. 818, 124 Pac. 289; Denson v. Fowler, 56 Okla. 670, 155 Pac. 1184; Weleetka Light & Water Co. v. Northrop, 42 Okla. 561, 140 Pac. 1140; Alva Roller Mills v. Simmons, 74 Oklahoma, 185 Pac. 76.

It is next contended that the court erred in refusing to give instructions No. 1 and No. 2 requested by the plaintiff in error. These two instructions are copied in the brief, but not argued. It is not even asserted that the instructions were not covered by the instructions given by the court. This court, in the case of Bartlesville Zinc Co. v. James, 66 Oklahoma, 166 Pac. 1054, stated as follows:

"Error in refusing instructions, excepted to and assigned as error, but which alleged errors are not argued in brief of complaining party, will be regarded as waived, and will not be considered by this court."

These being the only errors relied upon, it was not error to overrule a motion for new trial. The judgment of the trial court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.