## URIE v. BOARD OF EDUCATION OF CITY OF PRYOR CREEK.

No. 10714—Opinion Filed June 27, 1922.

(Syllabus.)

1. **Schools and School Districts— Authority to Discharge Teachers — Statutes.**

Section 1, chapter 257, Session Laws 1917, relates to separate schools, and has no application to the facts in the case at bar.

2. **Appeal and Error — Harmless Error — Evidence.**

Under and by virtue of section 6005, Rev. Laws 1910, this court will not reverse a case for admission of improper testimony unless in the opinion of the court, after an examination of the entire record, it appears that the error complained of probably resulted in a miscarriage of justice.

3. **Schools and School Districts—Independent Districts—Employment of Teachers —Statute.**

Article 6, chapter 219, Session Laws 1913, defines what are independent districts and the name of the same, and provides the manner and method of employing teachers.

4. **Appeal and Error—Sufficiency of Exceptions to Instructions.**

Exception taken to written instructions in the following form: "To the giving of instructions two to fourteen, inclusive, plaintiff excepts," is too general and not sufficient exception under section 5003, Rev. Laws 1910, to bring before this court for review any particular instruction.

5. **Schools and School Districts—Action for Salary by Discharged Teacher—Question for Jury—Grounds for Discharge.**

In an action by a teacher to recover wages due under a written contract, where the district contends the teacher has been discharged, the question of whether the board had sufficient grounds to discharge the teacher is a question of fact to be tried to a jury under proper instructions of the court.

Error from County Court, Mayes County; T. L. Marteney, Judge.

Action by John Urie against the Board of Education of the City of Pryor Creek for teacher's salary. Judgment for defendant, and plaintiff brings error. Affirmed.

A. W. Fisher and James S. Davenport, for plaintiff in error.

R. A. Wilkerson, for defendant in error.

McNEILL, J. This is an appeal from the judgment of the county court denying plaintiff in error recovery under a contract with the board of education of the city of Pryor Creek. The material facts are substantially as follows:

On the 13th day of September, 1917, the plaintiff, John Urie, and the board of education of Pryor Creek entered into a written contract whereby John Urie was employed to teach the sixth grade of the independent school district for nine consecutive months at a salary of $70 per month. The contract provided that the plaintiff agreed to observe in all matters the rules and regulations of the board of education and under direction of the superintendent of schools, and enumerates various duties that must be performed, and then provides if he be discharged from service, he shall not be entitled to compensation after the notice of discharge. The rules and regulations of the board of education provide that the superintendent may suspend any teacher for insubordination or neglect of duty, and the suspension shall continue until the meeting of the board, at which time the matter may be disposed of. The plaintiff and the superintendent of schools had several disagreements, and on the 8th day of April, the superintendent advised the plaintiff he was suspended. Thereafter, on the 7th day of May the board of education discharged the plaintiff. The plaintiff then brought suit for salary in the sum of $101.50, being salary from date of suspension to the end of the term. The case was tried to the jury, and the jury returned a verdict in favor of defendant and against said plaintiff. From said judgment the plaintiff has appealed.

For reversal the plaintiff assigns 21 different assignments of error, although all of

these are not discussed, and it will only be necessary for us to consider a few of the material questions presented.

The first question we will consider is what law is applicable to the case at bar. Plaintiff in error contends that this is nothing but a common-school district, that the city of Pryor Creek does not have 2,000 people and is not a city of the first class. The evidence in the record is that this was an independent school district. Section 3, article 6, chapter 219, Session Laws of 1913, provides the name of independent school district, and the plaintiff has contracted with the school district under the name and style of an independent district, and has sued them as such, and the only evidence in the record is that it is an independent school district; so this contention cannot be well founded.

It is next contended that under and by virtue of section 1, chapter 257, Session Laws 1917, the plaintiff could not be discharged unless by the county superintendent. This chapter of the statute has no application to the facts in this case. The above section relates to separate schools, and has no application to the facts in this case.

It is next contended that the court erred in the admission of the testimony of Superintendent John G. Mitchell, Miss Coover, and Miss Stockard, and a Mr. Dial, the janitor. Most of the testimony of these witnesses was given without objection. They were asked to express their opinion as to whether the conduct of the plaintiff in error had a tendency to disrupt the school, and the witnesses, or part of them, answered in the affirmative. While it is unnecessary for us to consider in a strict legal sense whether this evidence was competent or not, but it certainly was not prejudicial to the extent that it requires a reversal of the case. The superintendent, it appears, directed the teachers to meet every so often and discuss the work of the school, and fixed the time of the meeting at 8 o'clock a. m., and also directed the teachers to take turns in taking charge of the grounds and watching the children, and the teacher should report at 8 o'clock when assuming this duty. The plaintiff testified, in substance, that his contract did not require him to be there until 8:30 a. m., and he did this, except on a few occasions he was late. He appeared to be very particular that he should not devote any additional time to his duties. This evidence would impress one with the idea that as a teacher he was not attempting to co-operate with the superintendent and the other teachers, so, under his own evidence, we do no think this evidence

was prejudicial, and if error, it was harmless under section 6005, Rev. Laws 1910.

Complaint is also made of the instructions. No proper exceptions were saved to the instructions to authorize this court to review the same. The only exceptions were taken in the following manner: "To the giving of instructions 2 to 14, inclusive, plaintiff excepts." This was not sufficient to have the instructions reviewed in this court. See National Bank of Hastings v. Oklahoma State Bank, 80 Okla. 239, 195 Pac. 768; Alva Roller Mills v. Simmons, 74 Oklahoma, 185 Pac. 76, and cases therein cited.

It is next contended that the evidence is not sufficient to show that the plaintiff had violated any provisions of his contract. That the school board never made an examination of the facts, but simply accepted the statement of the superintendent. Both sides cite the case of School District No. 94 v. Gautier, 13 Okla. 194, 73 Pac. 954. We think that case properly defines the law, and it holds the action of the board cannot be arbitrary in discharging a teacher, but must be based upon facts, and the question of whether the plaintiff had complied with his contract or was guilty of any conduct that would authorize his discharge was a question that was properly submitted to the jury. The instructions requested by plaintiff in error were practically covered by the instructions given by the court.

It is also contended that the court committed prejudicial error in placing the burden of proof upon the defendant; that the court first instructed the burden of proof was upon the plaintiff, and after some objection was made to the instruction, changed the instruction. The record discloses no abuse of discretion in this matter, and under the facts the burden of proof was upon the defendant; after admitting the signing of the contract, the burden was on the district to prove that the plaintiff was guilty of conduct that would authorize them to discharge him.

Finding no prejudicial error in the record, the judgment of the court is affirmed.

HARRISON, C. J., and ELTING, KENNAMER, and NICHOLSON, JJ., concur.