## SEAMANS OIL CO. v. DAVIS et al.

No. 10771—Opinion Filed July 11, 1922.

(Syllabus.)

**1. Mechanics' Liens — Waiver of Lien — Effect of Attachment.**

The right to enforce a mechanic's lien is not lost by the lienor, in a suit to foreclose a mechanic's lien, securing an attachment upon other property and thereby obtaining additional security for his debt.

**2. Appeal and Error—Necessity for Exceptions—Instructions.**

Where no exceptions are taken to the giving or refusing of instructions of the court, the parties are concluded by their failure to take exceptions, and the appellate court will not examine the same.

**3. Same — Instruction Covering Refused Instruction.**

It is not error to refuse an instruction requested by a party where the court has given an instruction covering the same subject-matter and no exception is taken to the instruction given.

Error from District Court, Washington County; Preston A. Shinn, Judge.

Action by J. C. Davis and W. E. Mitchell, partners, doing business under firm name of Davis & Mitchell against the Seamans Oil Company to foreclose mechanic's lien, etc. Judgment for plaintiffs, and defendant brings error. Affirmed.

Jean P. Day and Eben L. Taylor, for plaintiff in error.

Pennel & Harrison, for defendants in error.

McNEILL, J. This action was commenced in the district court of Washington county by defendant in error against the plaintiff in error to recover $1,063.50, balance due for drilling and cleaning out a well, and to foreclose a mechanic's lien filed upon the oil and gas lease held by defendant. At the time of the institution of this suit the defendant in error caused an attachment to be issued and levied upon property not covered by the mechanic's lien.

The case was tried to the jury, and the jury returned a verdict in favor of plaintiff for the full amount claimed. The parties then submitted the question of discharge of attachment and foreclosure of mechanic's lien to the court, and the court sustained the attachment, and sustained the mechanic's lien and awarded an attorney fee of $250 for foreclosing the lien. From said judgment the plaintiff in error has appealed.

The first contention of plaintiff in error is that when the defendant in error caused an attachment to be levied upon property not covered by the mechanic's lien, he thereby waived his statutory lien. This identical question was passed upon by this court in the case of Seamans Oil Co. v. W. E. Mitchell, 87 Okla. 13, 208 Pac. 801, and held that the causing of the attachment to be levied upon property other than that covered by a lien did not waive the lien.

It is next contended that the court erred in giving instruction No. 7. Section 5003, Rev. Laws 1910, provides the manner of taking exceptions to the instructions given by the court in order to have the same reviewed by this court. This court has announced the following rule:

"Where no exceptions are taken to the giving or refusing of instructions at the trial, the parties are concluded by their failure to take exceptions, and the appellate court cannot examine them," Meyer v. White, 79 Okla. 257, 192 Pac. 801.

See, also, Alva Roller Mills v. Simmons, 74 Oklahoma, 185 Pac. 76; National Bank of Hastings v. Oklahoma State Bank, 80 Okla. 239, 195 Pac. 768.

It is next contended that the court erred in refusing to give the 2d instruction requested by the defendant. This instruction was practically covered by the last instruction given by the court, to which there was no exception taken. This court in a long line of decisions has held, in substance: It is not error to refuse a requested instruction when the court has given an instruction covering the question presented by the requested instruction, and this is especially so when there is no objection or exception taken to the instructions given.

The supersedeas bond is copied in the record, and judgment is rendered against the sureties for the amount of the judgment, interest, and costs.

Finding no prejudicial error in the record, the judgment of the court is affirmed.

JOHNSON, MILLER, ELTING, KENNAMER, and NICHOLSON, JJ., concur.