## SEAMANS OIL CO. v. MITCHELL.

No. 10772—Opinion Filed July 11, 1922.

(Syllabus.)

1. **Mechanics' Liens—Waiver of Lien—Effect of Attachment.**

The right to enforce a mechanic's lien is not lost by the lienor, in a suit to foreclose said lien, securing an attachment upon other property and thereby obtaining additional security for his debt.

2. **Appeal and Error — Briefs—Failure to Cite Authority.**

A plausible, but not convincing, argument in the brief, unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court.

Error from District Court, Washington County; Preston A. Shinn, Judge.

Action by W. E. Mitchell against the Seamans Oil Company to foreclose mechanic's lien, etc. Judgment for plaintiff, and defendant brings error. Affirmed.

Jean P. Day and Eben L. Taylor, for plaintiff in error.

Pennel & Harrison, for defendant in error.

McNEILL, J. The defendant in error commenced this action in the district court of Washington county against the plaintiff in error to recover $1,088 for work performed in cleaning out a well and to foreclose a mechanic's lien upon the oil and gas leasehold interest of plaintiff in error. At the time of commencing the action, the defendant in error filed an affidavit for attachment and secured an order of attachment and levied upon property not covered by the mechanic's lien. The plaintiff in error filed an answer and a motion to discharge the attachment. The case was tried to a jury and a verdict returned in favor of defendant in error and against plaintiff in error. The parties, by agreement, submitted the question of discharge of the attachment to the court, and the court rendered judgment upon the verdict of the jury in favor of defendant in error, and sustained the attachment and sustained the mechanic's lien and fixed the amount of attorney fees for foreclosing the mechanic's lien in the sum of $250. From said judgment the plaintiff in error has appealed.

For reversal, it is first contended, when plaintiff caused an attachment to be levied upon property of the defendant based on an affidavit of attachment reciting that the defendant was a foreign corporation and a nonresident of the state, the plaintiff thereby waived his statutory lien granted persons who performed work on oil wells and leases. In support of this contention, the plaintiff in error relies on the cases of Ellis, Sheriff, v. Smith, 25 Okla. 234, 105 Pac. 653, and Crismon, Sheriff of Pawnee County, v. Barse Live Stock Com. Co., 17 Okla. 117, 87 Pac. 876. These cases are not in point, for the reason the attachment was not levied upon property covered by the mechanic's lien. This court has never passed upon the question of whether, in a suit to foreclose a mechanic's lien, if the plaintiff secures an attachment to be levied upon other property than that secured by the lien, this amounts to a waiver of his lien.

In the case of Martin v. Becker (Cal.) 146 Pac. 665, the rule is announced as follows:

"The right to enforce a mechanic's lien is not lost by the fact that the lienor, by levying an attachment upon other property, thereby obtains additional security."

See, also, Brennan v. Swasey, 16 Cal. 140, 3 Am. Cas. 1100; West v. Fleming, 18 Ill. 248, 68 Am. Dec 539; Salt Lake Lithographing Co. v. Ibex Mining Co. (Utah) 49 Pac. 768.

There are other assignments of error referred to in the brief of plaintiff in error, but no authorities are cited to support said assignments of error. This court has announced the rule as follows:

"A plausible, but not convincing, argument in the brief, unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court." Blue v. Board of Com'rs of Garvin Co., 82 Okla. 178, 198 Pac. 850.

The supersedeas bond is copied in the record, and judgment is rendered against the sureties for the amount of the judgment, costs and interest.

Finding no reversible error in the record, the judgment of the court is affirmed.

JOHNSON, MILLER, ELTING, KENNAMER, and NICHOLSON, JJ., concur.