## SIMPSON et al. v. PLUMMER.

No. 14432—Opinion Filed Nov. 6, 1923.

(Syllabus.)

**1. Trial — Province of Jury — Conflicting Evidence.**

Where there is evidence reasonably tending to sustain the issues on the part of plaintiff, and the evidence on the part of the defendant conflicts therewith, a determination thereof is for the jury.

**2. Appeal and Error — Necessity for Exceptions—Instructions.**

Where no exceptions are taken to the giving or refusing of instructions of the court, the parties are concluded by their failure to take exceptions, and the appellate court will not examine the same.

Error from County Court, Carter County; M. F. Winfrey, Judge.

Action by V. H. Plummer against R. E. Simpson and another. Judgment for plaintiff, and defendants bring error. Affirmed.

R. A. Howard, for plaintiffs in error.

Champion, Champion & George, for defendants in error.

McNEILL, J. V. H. Plummer commenced this action in the county court of Carter county against R. E. Simpson and Mrs. R. E. Simpson to recover damages for breach of contract. Plaintiff alleges he entered into an oral contract with the defendants to farm certain lands in the year 1921, and the defendants breached said contract and plaintiff was damaged in the sum of $500. The defendants filed an answer by way of general denial and pleaded affirmative defenses.

Upon trial of the case the jury returned a verdict in favor of the plaintiff for $162.50. From said judgment the defendants have appealed. The brief of plaintiffs in error contains no assignments of error, but plaintiffs in error argue several propositions, to wit: The evidence is insufficient to support the verdict. The plaintiff testified to having entered into the agreement with Mr. Simpson, and that Mr. Simpson was the agent of Mrs. Simpson, and that the defendants had breached the contract and refused to let him have said land. The defendant Mr. Simpson admitted making a contract and agreement with plaintiff, but claimed plaintiff was unable to comply with the same, and unable to farm the land because he had no team. There is considerable other evidence in the record, but this is sufficient evidence to present a question of fact for the jury. See Katterhenry v. Williamson, 78 Okla. 221, 190 Pac. 404.

It is next contended that the court erred in refusing certain instructions requested by the defendants and erred in the instructions given by the court. An examination of the record disclosed that no exceptions were taken to the refusal of the court to give the instructions requested, and no exceptions were saved to the instructions given. This court has repeatedly said:

"Where no exceptions are taken to the giving or refusing of instructions of the court, the parties are concluded by their failure to take exceptions, and the appellate court will not examine the same." Seamans Oil Co. v. Davis, 87 Okla. 14, 208 Pac. 802.

For the reasons stated, the judgment of the court is affirmed.

KENNAMER, NICHOLSON, COCHRAN, and MASON, JJ., concur.