## OKLAHOMA CITY TENT & AWNING CO. v. C. M. MAYS LBR. CO. et al.

No. 15551—Opinion Filed Sept. 15, 1925.

I. **Principal and Agent—Nonliability of Principal for Acts Outside Scope of Agency.**

Where a drayman is authorized by written contract to receive and receipt for all merchandise shipped to a certain railway station to certain parties engaged in the mercantile business, as agent, receives an unauthorized shipment and delivers same to a stranger to the contract, and one not connected with or interested in the business concern which the drayman is authorized to represent, such act is beyond and without the scope of the agent's authority and the principal is not bound.

2. **Appeal and Error—Insufficiency of Exceptions to Instructions.**

A general exception to instructions given and to instructions refused, not noted upon same as follows: "We ask an exception to the refusal to instruct, and to all the instructions given. Plaintiff is given an exception to each and every instruction given and allowed," does not comply with the statute, and is not sufficient to bring before this court the error complained of in the instruction for review.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

Action by the Oklahoma City Tent & Awning Company against C. M. Mays Lumber Company et al. Judgment for defendant Mays Lumber Company, and plaintiff brings error. Affirmed.

Shirk, Danner & Fowler, and Clarence Mills, for plaintiff in error.

Walter & Hilpirt, for defendants in error.

Opinion by JONES, C. This action was originally instituted in the justice of the peace court of Oklahoma county by the plaintiff in error, as plaintiff, against the defendants in error, C. M. Mays Lumber Company, J. W. Burns, and C. N. Dickson, as defendants, to recover the sum of $150, the rental charge and freight for a tent alleged to have been shipped by the appellant from Oklahoma City to Davis, Okla., at the instance and request of C. M. Mays Lumber

Company, one of the defendants in the trial court. The plaintiff further alleges in its bill of particulars that said tent was rented to the defendant C. M. Mays Lumber Company, for a specific rental of $55, for the first week, and $27.50 for each week thereafter, so long as the tent was retained by said defendant.

Upon the trial of the case in the justice court, a judgment was returned against the defendant J. W. Burns for the amount sued for, and judgment was returned in favor of the defendants Mays Lumber Company and C. N. Dickson, and against the plaintiff. From this judgment, an appeal was prosecuted to the district court of Oklahoma county by plaintiff in the trial court, the appellant here, and in the district court the case was dismissed as to the defendants Dickson and Burns, and judgment was prayed for against the Mays Lumber Company, and upon the trial of the case to the court and jury, judgment was rendered in favor of the defendant and against the plaintiff. Motion for a new trial was duly filed and overruled, and judgment rendered in accordance with the verdict of the jury, from which order and judgment this appeal is prosecuted.

The record discloses that J. W. Burns was engaged in conducting a religious revival and called the plaintiff, Oklahoma City Tent & Awning Company, over the telephone from Davis, requesting it to ship him a tent, 40 by 60 feet, to be used by him in conducting a revival. Pursuant to the conversation over the telephone, in which appellant alleges that the party talking over the telephone from Davis requested that the tent be shipped to C. M. Mays Lumber Company, appellant shipped the tent to C. M. Mays Lumber Company, as requested. When the tent arrived at Davis, it was delivered by the railway company to C. N. Dickson, a drayman, who was under written contract with C. M. Mays Lumber Company, wherein Dickson was authorized to receive all freight shipped to that point for C. M. Mays Lumber Company, and under the direction of Burns, Dickson hauled the tent to a vacant lot, where it was put up and used by Burns in conducting his revival services. Dickson seems to have paid the freight charges, and the day following presented the bill to C. M. Mays Lumber Company, who refused to pay same and advised Dickson that they had not ordered the tent and had no knowledge of the fact that it had been ordered in their name. The bill was then presented by Dickson to Burns, who paid same. At the expiration of about three weeks from the time the tent was shipped, the appellant

mailed to the defendant C. M. Mays Lumber Company a bill for $110, the charges for the tent for a period of three weeks. Upon receipt of this bill, the defendant Mays Lumber Company wrote a letter to, and also called the appellant by telephone, advising it that they did not rent or order the tent, and further advised the appellant that the tent had been removed from Davis to Sulphur by Burns, and offered to render any assistance they could to the appellant in securing a return of the tent, but refused to acknowledge any liability under the terms of the rental contract. The tent was shortly thereafter returned from Sulphur to Oklahoma City to the appellant with a charge of $12.50 as freight, which appellant was required to pay by the railway company before receiving the tent.

Appellant contends that it is entitled to recover against the appellee, Mays Lumber Company, upon the theory that the said C. N. Dickson was a duly authorized agent of said Mays Lumber Company, and that they were bound by his acts, and that their silence or failure to immediately notify the appellant when advised that the tent had been shipped to Davis, subject to their orders, was a ratification of the acts of the agent, Dickson, in receiving said tent, and that the court committed reversible error in refusing to direct a verdict for the appellant, and in giving certain instructions to the jury, wherein the jury was directed that it would be necessary for them to find by a preponderance of the evidence that the plaintiff, Oklahoma City Tent & Awning Company, and the defendant Mays Lumber Company entered into an oral contract, under the terms of which the plaintiff promised and agreed to ship to the defendant a certain tent, and that the usual rental value of said tent was the sum agreed upon as heretofore stated; and that if they found that such agreement was made, the plaintiff would be entitled to recover the reasonable rental value for such tent during such time as the defendant (referring to Mays Lumber Company) retained same etc. This instruction is practically a directed verdict for the defendant, as there is no evidence to the effect that the defendant either had possession of or retained the tent for its own use, or that the defendant Mays Lumber Company entered into any agreement with the appellant, or authorized anyone else to enter into any such agreement as is pleaded; however, under the facts, as disclosed by the record, we do not regard the instructions as given as prejudicial to the rights of the appellant, for the

reason that it would have been entitled to no instruction more favorable.

The appellant relies solely on the law of agency and the ratification of the acts of the agent by the principal, and cites numerous authorities discussing this doctrine, but in our judgment same have no application to the facts in this case. The authorities cited are based on a different state of facts from those with which we are confronted in this case, and the rule contended for is one usually applied in cases where the principal accepts the benefits of the acts of the agent, or the conditions are such that it is incumbent upon the principal to take some immediate action and to give notice of his intentions to repudiate the act of his agent, but in this case no notice was given to the defendant Mays Lumber Company of the acts or intentions of the appellant in shipping the tent to Davis, subject to the orders of the Mays Lumber Company. The tent had been shipped and delivered to the party ordering same before the defendant Mays Lumber Company had any notice of the transaction whatever. The defendant Burns evidently practiced fraud upon the appellant in ordering the tent shipped in their name, but there is nothing in the record that would indicate that the defendant Mays Lumber Company colluded with the said Burns, or had any knowledge of, or interest whatever in, the transaction, and it derived no benefits whatever, and in our opinion the appellant, Oklahoma City Tent & Awning Company, was guilty of negligence in the first instance in shipping said tent without making any inquiry as to the authenticity of the order made, and by whom made, and in failing to give any notice of any character to the defendant lumber company concerning the transaction.

We think that the judgment should be affirmed on its merits; however, should there be any doubt on this point, the exceptions taken by appellant to the instructions complained of are insufficient to justify a reversal of the case, the only exception taken, as disclosed by the record, being as follows:

"We ask an exception to the refusal to instruct and to all the instructions given. Plaintiff is given an exception to each and every instruction given and allowed."

This exception is not noted on the instruction given by the court, nor signed by the trial judge, and in keeping with the decisions of this court on this question heretofore announced, the exception is insufficient. In the case of Eisenmeinger v. Beman, 32 Okla.

818, 124 Pac. 289, the court had to deal with a very similar exception, which is as follows:

"To the giving of said instructions and each and all of them, the defendant then and there excepted and excepts and his exceptions were by the court allowed"

—which the court held was insufficient. A very similar objection is dealt with in the case of Bank of Cherokee v. Sneary, 46 Okla. 186, 148 Pac. 157; Duncan Cotton Oil Co. v. Cox, 41 Okla. 663, 139 Pac. 270. The same rule has been followed in the case of Urie v. Board of Education of City of Pryor Creek, 86 Okla. 265, 208 Pac. 210, and in many other Oklahoma decisions. We find no merit in appellant's contention, and think that unquestionably, under the general laws of contract, appellant could not recover against the defendant Mays Lumber Company for the rental value of the tent, in the absence of any agreement between the parties, either express or implied, and the judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. p. 560, § 202. 21 R. C. L. p. 849; 5 R. C. L. Supp. p. 1175. (2) 38 Cyc. p. 1792.