## ST. LOUIS, I. M. & S. RY. CO. v. MARLIN.

No. 1062.  Opinion Filed May 14, 1912.

Rehearing Denied September 24, 1912.

(128 Pac. 108.)

1. **RAILROADS—Operation—Injuries by Fire—Presumptions.**  Proof that property has been destroyed by sparks emitted by a passing locomotive creates a presumption of negligence on the part of the railroad company or its employees, either in the construction or handling of the locomotive, or in failing to keep it in proper repair.

2. **SAME—Question for Jury.**  Where it clearly appears that a fire was started on the right of way of a railroad by a passing locomotive, which extended to and destroyed adjoining property, and the company, on the trial of an action against it, produces testimony, which was not directly contradicted, tending to show that the locomotive was properly constructed, equipped, inspected, and operated, **held**, that it was the province of the jury to determine whether the presumption of negligence, created by the starting of the fire, was overcome, since the jury had the right to weigh the testimony, and to determine whether the witnesses for the company were credible.  Following **McCullen v. Chicago & N. W. Ry. Co.**, 101 Fed. 66, 44 C. C. A. 365, 49 L. R. A. 642, and **Great Northern Ry. Co. v. Coats**, 115 Fed. 452, 53 C. C. A. 382.

3. **APPEAL AND ERROR—Review—Harmless Error.**  Errors committed by a court on a trial, which cause no prejudice, will not require a reversal of the judgment rendered on appeal.

(Syllabus by the Court.)

*Error from District Court, Wagoner County;*
*John H. King, Judge.*

Action by Annie Marlin against the St. Louis, Iron Mountain & Southern Railway Company.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*Lovick P. Miles* and *Vincent M. Miles,* for plaintiff in error.

*Robert F. Blair,* for defendant in error.

DUNN, J.  This case presents error from the district court of Wagoner county.  Defendant in error, hereinafter called plaintiff, filed suit against the plaintiff in error on the 22d day of Oc-

tober, 1907, alleging that she was the owner of certain lands, and that on July 29, 1907, the defendant was a railway corporation and at said time equipped, manned, owned, and operated an engine drawing a train of passenger cars over its line of road, and carelessly and negligently set out fire upon its right of way and to the hay growing upon plaintiff's land, burning up forty-two tons thereof and forty-six trees, to plaintiff's damage in the sum of $608. The defendant filed its answer, denying the same, and alleging negligence on the part of plaintiff.

The land lay, and the damage complained of occurred, in that portion of the state formerly known as the Indian Territory, and the action was originally filed in the United States Court for the Western District of the Indian Territory, sitting at Wagoner, and, after statehood, was transferred to the district court of Wagoner county. The issues were submitted to a jury, which, after hearing the instructions of the court, returned a verdict in plaintiff's favor, upon which judgment was entered, to reverse which the cause has been lodged in this court.

The court very properly instructed the jury that under the pleadings the issue presented was, "Did the defendant negligently equip, or negligently man, or negligently operate, the engine mentioned in the testimony?" and that "the burden is upon the plaintiff in this case to prove, by a preponderance of the evidence, the negligence of the defendant in one of these respects. If the plaintiff fails to prove such negligence by a preponderance of the testimony, your verdict must be for the defendant." The claim of counsel for defendant is that the evidence adduced fails to meet the measure demanded by these instructions, and that there is no evidence in the case of any negligence whatsoever on its part, but that the uncontradicted evidence supports the proposition that it was free from negligence.

At the time and place where this fire occurred, there was no statute in force making a railway company liable in all events for fires which it set out; but the rule obtained that evidence showing that the fire originated from sparks from a passing engine operated by the defendant constituted *prima facie* proof of negligence, shifting the duty to the railway company to show

that it was free from blame. *St. Louis, I. M. & So. Ry. Co. v. Lawrence,* 4 Ind. T. 611, 76 S. W. 254. The plaintiff offered evidence to establish the ownership of the property destroyed, and that an engine drawing one of defendant's passenger trains passed near where the fire started at or about the time it was discovered. None saw the engine set the fire; but it was competent to offer these circumstances as evidence to support plaintiff's contention that the engine of the defendant set the fire, circumstantial evidence being admissible for this purpose (*St. Louis & S. F. R. Co. v. Shannon,* 25 Okla. 254, 108 S. W. 401, 21 Ann. Cas. 1209), and we think there can be no doubt that this theory is correct. There was no other hypothesis or fact offered upon which it was possible to predicate a doubt that the fire emanated from sparks from one of the defendant's engines. On showing this, the destruction of property, its ownership, and value, plaintiff rested. Thereupon the defendant offered a number of witnesses, for the purpose of identifying with certainty the particular engine and the engineer and fireman serving the same, which, it was shown, passed over the line of road at the time of the fire. Among the witnesses examined were the engineer, the fireman, two boilermakers, and a master mechanic. Without entering into any detail of the evidence of each of these witnesses, it will be sufficient to say that their testimony disclosed that they were all skilled workmen, highly experienced in their different lines of duty, ranging from a few years to 34 years in their different occupations. Each testified that the other was competent, qualified, and highly skilled in his particular line of work, and all testified that the engine was in good condition, and was handled in a careful, capable, competent manner. Each of the boilermakers, as well as the master mechanic, testified that the engine was equipped with a spark arrester, which was the best known in practical use, and that it was in good condition, and was, as one witness put it, "the best ever known." The engine was shown to have been examined before it entered upon its run, and again after its run, and was pronounced by these witnesses to have been in first-class condition. On this showing it is the contention of counsel for defendant

that such a case was made out that it was the clear duty of the court to instruct a verdict in its favor, and counsel invoke the rule adopted by the courts in a number of states that, where it is shown that the engine was furnished at the time with the best and most practical screen and spark arrester, and was in perfect order, the company could not be held liable for damages produced by fires set out by escaping sparks, for the reason that the condition presented irrefutably rebutted any proof or conclusion of negligence properly deducible from the starting of the fire; that the duty of the company was to exercise reasonable care to provide the best and safest appliances in use to prevent the escape of fire; and that it was only liable for the negligent failure in this respect.

It is also contended that, where uncontradicted evidence is offered for the purpose of showing such a perfect condition of the defendant's engine as to prevent the escape of fire, a jury will not be permitted to find against such evidence on the presumption of negligence raised by the mere fact of the setting of the fire. While such a holding finds favor in the decisions of a number of appellate courts of the states, the Circuit Court of Appeals of the Eighth Circuit, which was the court of final resort for this case at the time and place where it arose, has, in at least two cases, held to the contrary. *McCullen v. Chicago & N. W. Ry. Co.,* 101 Fed. 66, 44 C. C. A. 365, 49 L. R. A. 642; *Great Northern Ry. Co. v. Coats,* 115 Fed. 452, 53 C. C. A. 382.

In the McCullen case it appeared that a flour mill was destroyed by fire, which, it was charged, was set by sparks negligently suffered to escape from one of defendant company's locomotives. On the trial of the case, the court withdrew it from the consideration of the jury, and instructed a verdict for the defendant. It was shown that there was virtually no source from which the fire could have started, except from one of the defendant's locomotives, and, in view of this, the court on appeal, speaking through Thayer, Circuit Judge, said:

"It is contended, however, by counsel for the railroad company that, even if it be true that there was substantial testimony

which tended to show that the fire was occasioned by sparks which were emitted by the passing locomotives, and that, even if the jury had so found, yet the fact so established would not have created a presumption that the defendant company or its employees were in any respect negligent. On this ground it is urged that the case was properly withdrawn from the jury, inasmuch as the defendant offered considerable testimony which tended to show that its engines were properly handled, and were provided with spark arresters, which were in good state of repair on the day of the fire; whereas the plaintiff produced no direct evidence to the contrary. It is true that there are some cases which hold that the mere fact that sparks have escaped from a locomotive and set fire to adjoining property creates no presumption of negligence on the part of the railway company, either in constructing or handling its locomotive; but the weight of judicial opinion is the other way, and it is now comparatively well settled that a presumption of negligence does arise from the fact that sparks have issued from a passing locomotive of such size or in such volume as to kindle a fire and destroy adjacent property. [Citing authorities.] When the plaintiff offered evidence which was sufficient to raise a presumption of negligence, it was the province of the jury to decide whether the defendant's rebutting proof was adequate to overcome that presumption. As was said, in substance, by the Supreme Court of Minnesota, in *Karsen v. Railway Co., supra,* a jury is not necessarily bound to accept as conclusive the statement of a witness that an engine was in good order, or carefully and skillfully operated, although there is no direct evidence contradicting the statement. They have a right to consider all the evidence and circumstances bearing upon the condition and mode of operating the engine, as well as the circumstances under which the fire took place. Moreover, if the jury were satisfied, and so found, that the mill was ignited by a spark which came from one of the defendant's locomotives, it may well be that this fact alone would have led them to discredit the statements of the defendant's witnesses concerning the condition of the locomotives and how they were handled; and the right of the jury to discredit them, for that reason, cannot be denied."

We have examined the other questions presented by counsel for defendant, but believe them also to be without merit. On the issue of the measure of damages, the amount prayed for by plaintiff was $608. The verdict of the jury was $224.20. Our statute (Comp. Laws 1909, sec. 2907) provides that the meas-

ure of damages for tort is such as will compensate fully for the detriment proximately caused thereby. There is some difference in the holdings of the courts as to the proper manner of establishing such damages as were inflicted in this case; but plaintiff's witnesses testified to facts showing damages far in excess of the amount allowed by the jury. They testified to the value of the hay and trees destroyed, and also the difference in the value of the land before and after the fire, either of which showed damages larger in amount than the verdict. Under these circumstances, even though one of the methods followed was erroneous, defendant was not injured thereby, as the verdict returned was much less than the proof would sustain under either.

Counsel inveigh against the argument made by counsel for plaintiff, in which he argued to the jury that the defendant's witnesses had not stated the truth, and that they had been drilled. In order for us to reverse the judgment of the trial court on this ground, it would be necessary to show that this error affected the judgment of the jury. We cannot see that it did; and believing, as we do, that the rule laid down and obtaining in the jurisdiction where this case arose and was filed, entitled plaintiff to recover, the trial being free from error, the judgment of the trial court is affirmed.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., absent, and not participating.