**FT. SMITH & W. R. CO. v. HARMAN.**

No. 7182—Opinion Filed Dec. 19, 1916.

(161 Pac. 1079.)

(Syllabus by the Court.)

**Appeal and Error—Review—Harmless Error.**

Where, in an action for damages for burning the grass upon a hay meadow and for damage to the grass roots, the plaintiff was entitled under the evidence to recover a sum equal to that awarded, under any theory of the law, the judgment in his favor will not be reversed for an alleged error in defining the measure of damages.

Error from District Court, Okfuskee County; John Caruthers, Judge.

Action by B. F. Harman against the Ft. Smith & Western Railroad Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Warner & Warner, for plaintiff in error.

R. A. Hockensmith, for defendant in error.

HARDY, J. The question involved herein is the measure of damages in an action for destruction of a hay meadow by fire communicated thereto by one of defendant's engines. The testimony shows that 45 acres of meadow was burned over and the standing hay thereon burned off. From the remainder of the meadow there was harvested one and one-half tons per acre, and some of the witnesses estimated that the 45 acres from which the standing hay was burned would have yielded 60 tons. The value of the hay at plaintiff's farm was shown to be from $7 to $8 per ton, while at the town of Okemah, about three miles distant, it had a market value of from $8 to $9 per ton. The cost of cutting and harvesting was $3 per ton and the expense of hauling to Okemah was from 75 cents to $1.25 per ton. The verdict of the jury found the damages by reason of the burning of the standing hay to be $160.25. The court instructed the jury as follows:

"In case you find for the plaintiff, then you should proceed to fix his damages at such sum as you may believe by a fair preponder-ance of the evidence he has shown himself entitled to. The measure of damages for the growing or standing hay being the value of it at the time and place of its destruction by the fire, less whatever expense was incident to its cutting and harvesting. In addition to alleging damages to 45 acres of grass, the plaintiff alleges that the grass roots on 45 acres of said meadow and field were destroyed or greatly damaged, and you are instructed that if you so find, you may allow the plaintiff such damages as he may have shown by a fair preponderance of the evidence he sustained by reason of the destruction or injury to the grass roots, the measure in the latter case being the difference in the value of the land before and after the fire, without regard to the standing crop."

From the foregoing instruction it is apparent that the court intended to submit to the jury, as a separate item of damage, the value of the standing hay; and the evidence of the witnesses indicates that in placing a value upon the hay it was considered by them as severable from the land, and the value which they placed thereon evidently did not include damage to the grass roots. In the latter part of the instruction, where the court submitted to the jury for their determination the amount of damages suffered by reason of the destruction or damage to the grass roots, the value of the standing crop was expressly excluded from consideration Upon this latter item the verdict of the jury was for $119.75. There is sufficient evidence in the record upon which to support the verdict as to each of the separate items.

Inasmuch as the plaintiff claims damages for the destruction of or injury to the grass roots, it is insisted that the correct rule by which to measure his damages is the market value of the land before and after the fire, because the kind and character of crop destroyed was perennial, and that the court should have so instructed the jury. In a number of decisions this court has held that in a suit to recover damages for the destruction of a growing crop, such damages are to be estimated as of the date of the injury, and the measure to be applied is compensation for the value of the crop in the con-

dition in which it was at the time of its destruction. C., R. I. & P. R. Co. v. Johnson, 25 Okla. 760, 107 Pac. 662, 27 L. R. A. (N. S.) 879; St. L. & S. F. R. Co. v. Dale, 36 Okla. 114, 128 Pac. 137; St. L. & S. F. R. Co. v. Ramsey, 37 Okla. 448, 132 Pac. 478; M., O. &. G. R. Co. v. Brown, 41 Okla. 70, 136 Pac. 1117, 50 L. R. A. (N. S.) 1124; De Arman v. Oglesby et al., 49 Okla. 118, 152 Pac. 356. None of these cases, however, involved a claim for damages to perennial crops. By section 2872 Rev. Laws 1910, it is provided that:

"For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not"

—thereby providing that a party injured shall have full compensation for any detriment suffered by reason of the wrongful acts of another. In the present case the loss of the hay was certainly an injury, as was the destruction of or damage to the grass roots, and in determining the total amount of injury suffered by plaintiff it was proper to take into consideration both of these items. The instructions submitted the items separately, each excluding the other from consideration in determining the amount thereof, and the two taken together constituted the total amount of damage suffered by plaintiff which he was entitled to recover. In a note to Thompson v. C., B. & Q. R. Co., 23 L. R. A. (N. S.) 310, many authorities on the measure of damages in this class of cases are collected, and the conclusion of the author is stated in the following language:

"The question as to the measure of damages for the destruction of a perennial crop is one presenting so many * * * phases and conditions which may affect the result one way or another that, even aside from the conflict of opinion among the decisions, it is practically impossible to formulate a general rule by which all cases may be governed."

A number of cases collected in the note hold that injury to perennial crops is a damage to the inheritance, and that the true measure of damages in such cases is the difference in the market value of the land before and after the destruction of the crops, while a number of other cases hold that the value of such crops can be measured and ascertained without reference to the value of the soil on which they stand, and in these cases the measure of damages is held to be the value of the grass or crop at the time of its destruction. A note to the later case of U. S. Smelting Co. v. Sisam, 37 L. R. A. (N S.) 976, and also the case of International Agricultural Corporation Co. v. Abercrombie, 184 Ala. 224, 63 South. 549, 49 L. R. A. (N. S.) 415, collects the more recent decisions upon this subject. Under the rule that the measure of damages is the difference in the market value of the land before and after the destruction of the crops, the jury would be authorized to take into consideration the standing crop of hay and the injury to the grass roots, if any, but the first part of the instruction in this case was qualified so the jury were limited to the value of the standing hay, and in determining its value were not permitted to consider the injury to the grass roots, while in the latter portion of the instruction they were permitted to assess the damages to the grass roots excluding from consideration in determining this amount any damages to the standing crop. While the instruction is not to be commended in thus dividing the elements of damage which plaintiff was entitled to recover, yet, taking the two, they amount to that which in law is the correct measure of his recovery. A similar situation was presented in St. Louis, Iron Mountain & Southern R. Co., v. Marlin. 33 Okla. 510, 128 Pac. 108, which was an action for damages for the destruction of hay and trees. In the opinion it was said:

"On the issue of the measure of damages, the amount prayed for by plaintiff was $608. The verdict of the jury was $224.20. Our statute (Comp. L. 1909, § 2907) provides that the measure of damages for tort is such as will compensate fully for the detriment approximately caused thereby. There is some difference in the holdings of the courts as to the proper manner of establishing such damages as were inflicted in this case; but plaintiff's witnesses testified to facts showing damages far in excess of the amount allowed by the jury. They testified to the value of the hay and trees destroyed, and also the difference in the value of the land before and after the fire, either of which showed damages larger in amount than the verdict. Under these circumstances, even though one of the methods followed was erroneous, defendant was not injured thereby, as the verdict * * * was much less than the proof would sustain under either."

In this case plaintiff was entitled to recover an amount that would fully compensate him for all the damage proximately caused by the fire communicated to his premises by the engine of defendant, and if the instructions did not authorize a recovery by him of a larger amount, then no prejudice has resulted. In arriving at the value of the standing hay, the damage to the grass roots was not considered, and in determining the damage to the grass roots the standing hay was excluded, and the amount of the two items thus formed, when added, give the actual amount of detriment or damage resulting from the fire, and thus it is seen

that no prejudice to defendant resulted from giving the instruction.

It is said that the second paragraph of instruction No. 2 is erroneous, in that the jury were not instructed that the damages to the grass roots must be measured as of the time and place of the destruction of the property, because this instruction did not include the place where the value of the land should be reckoned, but left it wholly a matter of conjecture with the jury as to what place they would select in determining its market value. This objection is without merit. The damage to the grass roots could only be determined by finding the difference in the value of the land before and after the fire, and it is hard to understand how the jury could determine the market value of a specific piece of land, unless that value was determined with reference to the place where the land was located. Land is not movable like personal property, and if it has a value, that value must be determined by taking its location into consideration.

No complaint is made that the verdict is excessive or not supported by the evidence.

The judgment is affirmed.

All the Justices concur.