## SALTER v. LARISON.

No. 13019—Opinion Filed March 11, 1924.

Rehearing Denied June 3, 1924.

**1. Appeal and Error—Insufficiency of Exceptions—Instructions on Damages.**

In an action for damages to crop by overflow waters, where the court instructs the jury in two separate paragraphs on the measure of damages, one defining the measure of damages where the growing crop has been destroyed, and one the measure where the crop could not be planted on account of overflows, and an objection is made in writing and in general terms and not according to the provision of section 542, Comp. Stat. 1921, the objection is not sufficient to bring the instructions complained of before this court for review.

**2. Same — Verdict for Damages — Reasonableness.**

Where the action is for damages, and the testimony tends to prove a greater amount than the sum asked for, and the jury return a verdict for much less than the amount asked for, the same will not be set aside on the ground that it is unreasonable.

**3. New Trial—Quotient Verdict—Compromise.**

A verdict will not be set aside merely because the amount thereof was the result of a compromise between jurors, nor because the amount was first found by adding together the amounts the several jurors thought should be given and dividing the sum by six, if there was no agreement in advance to return a verdict for the quotient so found. Where the jurors agree in advance to be bound by a quotient so determined, or where the consent of any juror to a verdict is determined by any resort to chance, a new trial must be granted. Okla., K. & M. Ry. Co. v. McGhee, 84 Okla. 116, 202 Pac. 277.

**4. Same.**

It is only where the verdict of a jury cannot be justified upon any hypothesis presented by the evidence that it should be set aside on the ground that it is a compromise verdict. Woolsey v. Zieglar, 32 Okla. 715, 123 Pac. 164.

**5. Waters and Water Courses — Damage from Floods—Right to Contract Against.**

Rains and flood waters are not such acts of God that contemplated injuries to crops thereby cannot be legally contracted against.

**6. Appeal and Error—Questions of Fact—Verdict—Damages from Overflow.**

Where the issue as to whether or not the tenant agreed to construct the necessary levee to protect the crop from overflow water is a question for the jury, and where there is competent testimony to sustain the jury's verdict on this issue, the same will not be disturbed on appeal.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Jefferson County; E. L. Dillard, Judge.

Action by H. J. Salter against John Larison. Judgment for defendant, and plaintiff appeals. Affirmed.

W. Y. Dilley, for plaintiff in error.

Green & Pruet, for defendant in error.

Opinion by THREADGILL, C. This was an action brought in the county court of Jefferson county, November 19, 1919, by the plaintiff in error, as plaintiff, against the defendant in error, as defendant, to recover crop rents in the sum of $846.75, for the year 1919. The plaintiff claimed that defendant owed him $320 for 40 acres of land at $8 per acre which he failed to cultivate as per the rental contract, and the other items were for corn, hay, watermelons, and cotton, according to contract for one-third of the corn, hay, and watermelons, and one-fourth of cotton, less a credit of $100 due defendant for work and labor on a levee to turn overflow waters from the farm. The defendant denied that he owed plaintiff anything and claimed by cross-petition $1,000 damages for loss of crop by reason of overflow from Fleetwood branch, which touched the farm on one corner and ran near the edge of it; that plaintiff had agreed to build a levee against overflows from this branch, but had failed to do so, and as a result 28 acres of his cotton and 3 acres of his corn were totally destroyed by overflows during the year 1919. The plaintiff filed a reply that the defendant agreed with him to construct a ditch and levee sufficient to protect the land from overflows, and did build a levee and cut a ditch for this purpose, and if there was any failure in this matter, it was the fault of the defendant, and he was, therefore, estopped from claiming damages against the plaintiff. The plaintiff levied an attachment at the commencement of his action, but the attachment by bond was dissolved.

The issues were tried to a jury July 14, 1921, and resulted in a verdict in favor of the defendant in the sum of $616.35, and judgment was rendered accordingly. A motion for new trial was filed and affidavits were presented at the hearing showing that the jury had set down upon a paper six amounts which were added together and the sum divided by six, and the quotient being the amount of the verdict. The motion for new trial was overruled and plaintiff has

appealed by petition in error and case-made to reverse this judgment. Eight assignments of error are alleged which are urged and discussed by the plaintiff under four propositions as follows:

"1. The measure of damages was not properly considered and defined to the jury. 2. The verdict of the jury is a quotient or compromise verdict. 3. The overflow water could not be the proximate cause for damages. 4. The agreement of defendant to cut a ditch and construct a levee against overflow waters estops him from complaint on this ground."

1. The plaintiff complains of the following instructions of the court as to the measure of damages.

"6. You are instructed and if you find from a fair preponderance of the evidence that the defendant should recover on the cross-petition then the measure of damages would be as follows:

"Where growing crops were destroyed by reason of overflow thereof he would be entitled to recover the reasonable market value of the crop as has been shown from the evidence would have been raised on said lands had said overflow not occurred less the reasonable cost of harvesting and marketing the same."

The record discloses that plaintiff's objection and exception to this instruction were as follows:

"Comes now the plaintiff in the above entitled action and excepts to the instructions of the court on his measure of damages and moves the court to give a corrected instruction upon the measure of damages in a special instruction on the measure of damages which limits the right of the defendant to recover only and in the event that the land overflowed to such a extent that defendant was unable to plant his crops and request that he instruct the jury as to the law that when a crop has been planted and there has been a total destruction after the planting of the crop. Which was by the court refused and plaintiff excepted."

The seventh paragraph of the court's instruction is on the measure of damages where there is a total failure and is as follows:

"Instruction No. 7. Gentlemen of the jury, you are further instructed that in the event you find from a preponderance of the evidence that the defendant is entitled to recover on his cross-petition and that any of the lands overflowed were overflowed in such a way as to prevent the defendant from planting said crop then and in that event he would be entitled to recover the reasonable rental value of the land plus the value of any work and labor performed by him in preparing the same for crops."

It is hard to tell which one of those paragraphs the plaintiff's objection is leveled at, but it seems more applicable to the 7th paragraph, that he does not call attention to and quote in his brief, than to the sixth paragraph, which he has quoted at length.

The defendant contends that this objection was not sufficient to bring the error complained of before this court for review and we are very much disposed to favor this contention.

Section 542, Comp. Stat. 1921, provides the method of excepting to instructions as follows:

"A party excepting to the giving of instructions or the refusal thereof shall not be required to file a formal bill of exceptions, but it shall be sufficient to write at the close of every instruction, 'Refused and excepted to,' or 'Given and excepted to,' which shall be signed by the judge."

The plaintiff's exception does not comply with this provision of the statute and is not sufficient in form or substance to present the error complained of. Alva Roller Mills v. Simmons, 74 Oklahoma, 185 Pac. 76; Denson et al. v. Fowler et al., 56 Okla. 670, 155 Pac. 1184; National Bank of Hastings v. Okla. State Bank, 80 Okla. 239, 195 Pac. 768; Urie v. Board of Education, etc., 86 Okla. 265, 208 Pac. 211.

But if the plaintiff's objection had been in proper form to bring both paragraphs above quoted before this court for review, we cannot see that his cause would be benefited thereby. There was evidence that 28 acres of defendant's cotton and 3 acres of his corn were destroyed by the flood waters, and it was too late to plant over, and the estimated yield per acre was given with the market value, and, according to the estimate, amounted to $3,230, as admitted by the plaintiff in his brief, and defendant only asks for $1,000 and the jury gave him only $616.-35, which was far less than the testimony showed he was entitled to, if he was entitled to anything, and this was a question of fact for the jury to pass on. They evidently believed that he was entitled to some damages and the evidence is amply sufficient to sustain the verdict they rendered.

The plaintiff cites many authorities in support of his contention as to the measure of damages, and we have examined these authorities and feel sure that they are not in conflict with the instruction of the court, the verdict of the jury, and the judgment of the court, under the testimony in this case.

2. The plaintiff criticizes the verdict of the jury as unreasonable, and contends that

if the defendant was entitled to damages, he was entitled to more than the amount awarded, and since the amount is so small he should not have anything: but it must be understood that juries are not expected to make their verdicts mathematically correct.

It must also be remembered that the limit in this case was $1,000 and the court so instructed the jury; and whether or not we understand just what was in the minds of the jury in rendering the verdict, as long as it is within the limit sued for and there is testimony to sustain it the same will not be disturbed by this court. Ft. Smith & W. R. R. Co. v. Harmon, 63 Okla. 1, 161 Pac. 1079.

As to the measure of damages by flood waters the general rule is stated in the case of C., R. I. & P. Ry. Co. v. Johnson, 25 Okla. 760, 107 Pac. 662, as follows:

"The difference between the value of the probable crop in the market and the expense in maturing, preparing and placing it there will, in most cases, give the value of the growing crop, with as much certainty as can be attained by any other method."

And this rule is approved and restated by the following cases: Castle v. Rceburgh, 75 Okla. 22, 181 Pac. 297; Okla. City v. Hope, 75 Okla. 211, 182 Pac. 692.

3. In the next place the plaintiff contends that the verdict is a quotient verdict, citing: St. L. & S. F. R. Co. v. Brown, 45 Okla. 143, 144 Pac. 1075, and Oklahoma, K. & M. Ry. Co. v. McGhee, 84 Okla. 116, 202 Pac. 277.

A paper was found in the jury room which contained six different items which were added together and the sum divided by six and the quotient corresponded to the amount stated in the verdict of the jury, and the foreman of the jury testified that he made the figures, but there is no testimony showing an agreement among the jurors to arrive at a verdict by this method.

Each item may have represented the amount each juror thought the defendant entitled to, and the verdict returned may have been agreed on at the time or after the figures were made and according to the figures, but in the absence of an agreement before the figures are made the verdict so rendered cannot be said to be a quotient verdict and subject to be set aside for that reason.

We have examined the testimony and the same is not sufficient to bring the verdict within the definition of a quotient verdict as defined in these cases. The last authority above cited holds against the plaintiff's contention and states as follows:

"Upon grounds of public policy, jurors will not be heard by affidavit, deposition, or other sworn statement to impeach or explain their verdict, or show on what ground it was rendered, or that they made a mistake, or misunderstood the law or the result of their finding, or to show what items entered into the verdict, or how they arrived at the amount. Jurors will only be heard in support of their verdict or conduct when same is attempted to be impeached.

"A verdict will not be set aside merely because the amount thereof was the result of a compromise between jurors, nor because the amount was first found by adding together the amounts the several jurors thought should be given and dividing the sum by twelve if there was no agreement in advance to return a verdict for the quotient so found. Where the jurors agree in advance to be bound by a quotient so determined, or where the consent of any juror to a verdict is determined by any resort to chance, a new trial must be granted."

The plaintiff cites other authorities from other states, but it is enough to say, where they are in conflict with the rules laid down by this court, they are not applicable in this jurisdiction.

4. The plaintiff further contends that the verdict is a compromise verdict, and cites: Early v. Johnson, 58 Okla. 466, 160 Pac. 482, Pahlka v. C., R. I. & P. Ry. Co., 62 Okla. 223, 161 Pac. 544, and Woolsey v. Zieglar, 32 Okla. 715, 123 Pac. 164; but under this record, these authorities do not support the plaintiff's contention. The rule is clearly stated in the 4th paragraph of the syllabus of the last case cited, as follows:

"It is only where the verdict of a jury cannot be justified upon any hypothesis presented by the evidence that it should be set aside on the ground that it is a compromise verdict."

And since we have already held that the testimony was sufficient to sustain the verdict for damages, this rule would be applicable to support the same.

5. The plaintiff next complains and argues with considerable force that the rains and floods were acts of God and the proximate cause of defendant's damages, but we do not see any merit in this contention. The rule quoted by the plaintiff from C., R. I. & P. Ry. Co. v. McKone, 36 Okla. 41, 127 Pac. 488, holds against the plaintiff on this point, said rule being as follows:

"A defendant is not liable for damages resulting wholly from an act of God, but if the defendant's negligence is a present,

# 248    99 OKLAHOMA REPORTS

contributing, proximate cause, which mingled with the act of God producing the injury, then defendant is liable, notwithstanding the act of God."

The act of God sending the rain and flood is the thing the contract is made to provide against, and if they could not make such a contract to provide against overflows then all hail and storm insurance contracts would be nonenforceable, but under the holding of all the courts it is far otherwise.

This contention is without merit, also, for the further reason it was not an issue in the trial of the case, and is raised for the first time in plaintiff's brief on appeal.

6. The last question raised by the plaintiff is a question of estoppel. This was an issue in the trial of the case tendered by the amended reply of plaintiff. The contention was that defendant agreed to cut a ditch and build a levee to protect the crop from overflow waters. The testimony on this issue was conflicting and the court submitted the question to the jury in the instruction of which there is no complaint, and the jury found the issue in favor of the defendant, and under the well known and oft repeated rule of this court, in such cases, the judgment will not be disturbed on this issue since there is testimony to support the verdict. We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.