**FIRST SOUTHWEST LIFE INSURANCE COMPANY, Plaintiff in Error,**

v.

**Jack W. WALKER, Defendant in Error.**

No. 40589.

Supreme Court of Oklahoma.

Oct. 20, 1964.

Calvert L. Cannon, Ada, for plaintiff in error.

Lewis M. Watson, Ada, for defendant in error.

JOHNSON, Justice.

The defendant in error, Jack W. Walker, hereafter referred to as plaintiff, made a loan from Community Finance Corporation in the amount of $2,293.11, payable in monthly installments of $95.00. This loan was represented by the note of plaintiff, and as security the plaintiff purchased an insurance policy from First Southwest Life Insurance Company, plaintiff in error, hereafter referred to as defendant. This policy provided for the payment by the insurer of the monthly installments on such loan in case insured became "totally disabled * * as a result directly and independently of all other causes from sickness contracted during said term" and subject to other conditions not material to this action.

The plaintiff had made the first payment on the loan when he became totally disabled by gastric ulcer. The defendant insurance company refused to pay the subsequent installments, and plaintiff instituted suit which resulted in a jury verdict for the unpaid installments. From such judgment the defendant appeals after the overruling of its motion for new trial.

The answer of the defendant alleged that the sickness of the plaintiff was not contracted during the term of the policy, but that it originated prior to the issuance of the policy, and the defendant urges two propositions for reversal as follows:

"I. The verdict is not sustained by the evidence and is contrary to law for the reasons that no loss of time was shown and further that the illness or disability complained of by plaintiff had its inception and manifest itself, as shown by the evidence, prior to the effective date of the policy and therefore is not within the liability assumed in the contract by insurer.

"II. The assumption of liability may be limited by the insured where under

the terms of the contract the same is clearly defined and was here intended only to cover loss of time from total disability as a result directly and independent of all other causes by sickness contracted during the term and that under the law the time of the beginning of sickness causing disability may be properly made an essential part of the contingency insured against."

These contentions of necessity demand a review of the evidence. The plaintiff produced two witnesses—his physician and himself. The defendant put on no evidence.

Plaintiff testified that he lived near Ada, Oklahoma; that he was 39 years of age; that he was a truck driver and welder; that he lived in California for almost nine years and then returned to Oklahoma in 1960. That he worked regularly for one Bentley, a road and building contractor, since his return to Oklahoma during 1960 and 1961; that he was in good health while working for Bentley. He testified that he is five feet five inches tall and now weighs 98 pounds, and that his usual normal weight is about 130 pounds. He testified further that he has had two operations, the first one in 1950 for perforated ulcer, and the second one also for perforated ulcer, which was performed in Bakersfield, California, in 1955 or 1956. He testified that he recovered fully, although he had to drink milk; that eighty-five percent of his stomach had been removed. He testified that he had good health thereafter and returned to work driving a taxi cab, doing general labor and driving a truck, and that when he came back to Ada in 1960 he went to work driving a truck for Mr. Bentley. He borrowed money from Community Finance Corporation. He bought the place where he lives. This was the third loan he had made from the Community Finance Corporation, and the money borrowed was for a pickup truck he purchased. At the time of the loan from the Community Finance Corporation in July, 1961, he was in good health. He made payment to the Community Finance Corporation about August 25, 1961, and at that time was in good health. It was after this that he was taken sick, which sickness began with a cramping in the stomach, and he went to Dr. Gullatt, and Dr. Martin examined him. In September, 1961, he went to the hospital where he was operated on for another perforated ulcer. He had had no trouble during the period between the operation at Bakersfield and that in September at Ada, Oklahoma. He has no ulcers now, but still has stomach trouble. He was down to 84 pounds and has not been able to perform labor since the operation. The first time he had ulcer trouble was in 1950. On the last operation, he was in the hospital several days, and after being home a very short time he was sent back to the hospital.

The next witness was Dr. Gullatt. His testimony was that on the 26th of August, 1961, the patient, Jack Walker, saw Dr. Martin and Dr. Yagol; that he first saw the patient on September 12th and that the patient had a penetrating jejunal ulcer or marginal ulcer, which is one which follows a gastrectomy which he had had. He performed the surgery on patient and found the jejunal ulcer, which is one which occurs at the new site when you connect the stomach to the small intestine. The ulcer which he found was in an area which had not theretofore been affected by ulcer trouble. Patient went from 130 pounds to less than 100 pounds. The doctor further testified that he had seen ulcers heal in a week's time and recur within a week's time. There was much technical language in the doctor's testimony, but the fact remains that he did say that an ulcer of this type could develop in a very short period of time. This policy in question was dated July 28th, and this diagnosis did not take place until late August, and the operation was had in September. There was no testimony to contradict the doctor's evidence, and the question was submitted to a jury under instructions about which no complaint is made.

No contention is made that the plaintiff could not maintain the action if his ailment was one occurring during the period when the policy was in effect. There was no.

demurrer to the evidence or motion for a directed verdict, but waiving these technicalities we are of the opinion and hold that there was sufficient evidence to submit to the jury as to whether the illness was one which arose during the policy period.

 In the case of Pacific National Fire Insurance Company v. Woods, Okl., 381 P. 2d 824, we said in the fifth paragraph of the syllabus:

"If there is any evidence in an action of legal cognizance reasonably tending to sustain a jury verdict, which has been approved by trial court, the verdict and judgment based thereon will not be disturbed on appeal."

This rule has been followed in numerous cases found in ☞1005(2), Appeal & Error, in the Oklahoma Digest.

We are of the opinion and hold that the case here falls within that rule.

The judgment of the trial court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.