Herb **POTEETE** and LaDema Poteete, Appellees,

v.

**MFA MUTUAL INSURANCE COMPANY,** and Warren D. Poteete, Appellants.

No. 46804.

Supreme Court of Oklahoma.

Sept. 17, 1974.

Kenneth W. Lackey and Fred P. Wendel, Eufaula, for appellees.

Bonds, Matthews, Bonds & Cartwright by Faye Bancroft, Muskogee, for appellants.

HODGES, Justice.

This action was brought by appellees, Herb and LaDema Poteete, (Poteetes) against appellants, MFA Mutual Insurance Company and Warren D. Poteete, in which the Poteetes claimed a right to recover under a purported homeowner's insurance contract.

The damages sustained were destruction of the Poteete's home as a result of an explosion and fire. The case was tried before a jury and a verdict was returned in their favor. Appellants appeal the jury verdict, and from the decision of the Trial Court in overruling their motion for a new trial.

On December 20, 1969, Warren D. Poteete, a general agent of MFA Insurance Company (agent), and an Uncle of the plaintiff, Herb Poteete, took an application from the plaintiffs for a policy of fire insurance. After this insurance policy was issued, Poteetes made improvements on their property and were advised by the agent, that it was possible that the property would now qualify for a homeowner's policy. On February 28, 1970, the agent, took an application from the plaintiffs for a homeowner's insurance policy. He made an inspection of the insured premises, and solicited from the Poteetes a contract whereby MFA would issue a homeowner's policy in the amount of $8,000.00 for the dwelling and $4,000.00 for the contents.

MFA admits liability on the first insurance policy, but denies liability on the second. The application for the homeowner's policy which was signed by the agent and the Poteetes contained the following binder:

"The company binds insurance as above applied for in accordance with the policy form in current use, for a period of thirty (30) days from the time indicated below. This binder may be cancelled upon written notice to the other party. Bind-

er is effective only if signed by an authorized agent and if the effective date and time of the binder is inserted and is void if any check tendered in payment of the premium is not honored."

MFA contends the above binder is ineffective because there was no meeting of the minds on the essential terms to effect a binding contract as set out in the case of Glens Falls Insurance v. Johnson, 403 P.2d 229, 233 (Okl.1965).

In the Glens Falls case we held at page 233, that before there can be a valid contract of insurance there must be an actual application or offer to purchase insurance and an actual acceptance of the offer, including therein the following elements:

"* * * 1. The subject of the insurance; 2. The risks insured against; 3. The amount of indemnity; 4. The time when the risk attaches and ends; and 5. The amount of the premium; and that there is no contract until the minds of the parties meet in these respects."

 MFA argues that most of these essential elements were not proven and that the evidence shows the application for insurance and the binder thereon was subject to their approval upon review of the application. They point out their agent testified that he did not bind the policy; and that this testimony was corroborated by a company rule which prohibited their agents from issuing binders on policies for themselves or relatives unless the agent secures binder permission from some authorized person of the company. While this may have been a company policy, a violation of it by an agent does not invalidate the binder.

The Poteetes testified they were advised by the agent that they had a homeowners policy in effect on February 28, 1970. The only contradiction to this testimony was from the agent when he said he did not intend to bind the policy. If so, it is evident this intent was not conveyed to the Poteetes. The agent even acknowledged that they might not have understood his intention to submit the application on approval. In fact, all of his outward expression to the Poteetes indicated the binder was effective on February 28, 1970. Herb Poteetes' brother testified the agent told LaDema Poteete when she returned home on February 28, 1970, "Well, we got you fixed up here with a homeowners policy."

 MFA further complains that the Poteetes did not introduce into evidence the policy and the application and binder did not specify the risks, coverage or terms of the policy, so there was no meeting of the minds, nor was there any evidence presented so the jury could determine the extent of the coverage in order to assess damages.

We find no merit in this contention as the amount of the coverage was definitely understood by both parties to be $8,000.00 for the house and $4,000.00 for the contents. Also, the company's policy form number was specified in the application. In this instance since the Poteetes never did receive a copy of their policy, it was not incumbent upon them to obtain the policy by subpoena duces tecum or by some other discovery procedure as suggested by MFA. If the allegations of the Poteetes were not covered under the terms of this policy, then MFA could have introduced the policy in evidence for a complete defense.

 MFA further argues that the binder itself expressly specifies that it is only effective when signed by an authorized agent and if the effective date and time of the binder is inserted. They argue the absence of an effective date makes the binder ineffective and unenforceable. The fact the agent omitted the effective date does not invalidate the binder if the intent of the parties was otherwise.

There was no dispute that Warren Poteete was the general agent of MFA with authority to issue the binder orally or in writing. Title 36 O.S.1971 § 3622(A) provides:

"Binders or other contracts for temporary insurance may be made orally or in

writing, and shall be deemed to include all the usual terms of the policy as to which the binder was given together with such applicable endorsements as are designated in the binder, except as superseded by the clear and express terms of the binder."

■ Inherent in the jury verdict is the finding that the Poteetes and the agent of MFA consummated a contract for a homeowner's policy effective February 28, 1970. By their verdict, they must have concluded that the agent inadvertently omitted the effective date from the binder or that the parties had orally agreed the effective date would begin February 28, 1970. In either event, it was a binding contract.

MFA had originally denied the claim of the Poteetes for the reason that no premium accompanied the application. The Poteetes received a letter from MFA which in pertinent part stated:

"Please accept this letter as notice that no coverage has been or will be provided on the unbound application. No premium was received with the application."

■ The evidence shows the Poteetes offered to pay the additional premium on the date the binder was issued. It is apparent the agent did not accept their tender, not because he was submitting the application for approval, but because as he explained to the Poteetes, he was unable at that time to compute the exact amount of the premium due as credit had to be adjusted for the original policy. He told them it was not necessary to pay, but that they would be billed later. The Poteetes did all that was required of them, and in view of all evidence and the verdict of the jury, it would be a gross injustice to hold the binder invalid because of the agents inability to compute the amount of premium and his failure to write in the effective date on the binder. See Queen Ins. Co. v. Hartwell Ice & Laundry Co., 7 Ga.App. 787, 68 S.E. 310 (1910).

■ We find that the jury verdict is supported by the evidence. A jury verdict and judgment approved by a trial court and based on supporting evidence will not be disturbed on appeal. First Southwest Life Ins. Co. v. Walker, 396 P.2d 481, 483 (Okl.1964).

■ MFA next alleges that the Poteetes failed to produce sufficient evidence to establish the amount of damages sustained to their property. The only evidence presented by the insureds as to the value of their home and its contents was their personal opinion as to its value. However, the general agent estimated the value of the property at $9,000.00–$9,500.00 since he had estimated the value of the house on the first policy at $6,500.00 to $7,000.00, and testified that the Poteetes had made $2,500.00 in improvements. MFA contends that the Poteetes' testimony must be corroborated by an expert in order for the issue to be presented to the jury. The authority is to the contrary.

■ An owner of property is not required to prove his qualifications in order to testify as to the value of property in the same degree as a stranger. Hartford Fire Ins. Co. v. Smith, 141 Okl. 90, 284 P. 624, 626 (1930). An owner is competent to testify as to his opinion as to the value of his property which has been destroyed by fire, but his opinion is not conclusive. It is, as any other fact issue, subject to the jury's determination. They may consider it together with all other circumstances and facts in the case. Insurance Co. of State of Pennsylvania v. Smith, 435 F.2d 1029 (C.A. 10th Cir. 1971). The only necessary qualification of a witness to give an opinion as to value of property destroyed by fire is a fair knowledge of the property and its value when and where destroyed. Pate v. Smith, 128 Okl. 29, 261 P. 189 (1927). This court has held, that it is not an abuse of discretion by the trial court to permit a homeowner to testify as to the value of his household goods and realty. See Arkansas Louisiana Gas Co. v. Ackley, 410 P.2d 35 (Okl.1965); and St. Louis & S. F. R. Co. v. Dunham, 36 Okl. 724, 129 P. 862 (1913).

█ MFA also argues that the trial court erred in failing to submit the issue of interest to the jury and by increasing the damage award returned by the jury by adding interest.

It is provided by 23 O.S.1971 § 22 that:

"The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."

This statute was interpreted by this court in Fidelity-Phenix Fire Ins. Co. v. Board of Education, 201 Okl. 250, 204 P.2d 982 (1949). This case involved an analogous situation to the case before us. In the Fidelity-Phenix case, the issue of recovery on a policy where damage was caused by windstorm was tried to the jury, and resulted in a plaintiff's verdict of $2700.00. The court awarded judgment to the plaintiffs for that amount with interest for a period of time antedating the verdict. The court at page 983 held that:

"Under Tit. 23 O.S.1941 § 22 interest on the principal amount due on an insurance policy is recoverable from the time the policy becomes due and payable under its terms."

The court further stated at page 988:

"If the obligation under the insurance contract is one to pay money and default in payment justifies the allowance of interest under such rule, it is manifest same not only falls within the purview of said section 22, supra, but that the allowance of interest becomes mandatory by force of the statute."

█ MFA also complains that the trial court violated the best evidence rule. By MFA's own admission some of the pertinent original documents had been destroyed in the ordinary course of business. Although the other original documents were in MFA's possession they did not introduce them, and now criticize the fact that proper discovery methods were not utilized to procure them. This proposition was not raised in the motion for new trial, nor in the petition in error.

Although a motion for new trial is no longer a condition precedent to the perfecting of an appeal, if a motion for new trial is filed, and a new trial is denied, the movant may not, on appeal, raise allegations of error which were available to him at the time of the filing of his motion for new trial, but were not therein asserted. 12 O.S.1971 § 991(b).

█ Finally, MFA alleges that the trial court erred in overruling its motion for new trial. A trial court is vested with broad legal discretion in granting or denying a new trial. Unless it clearly appears that the trial court erred in some pure simple question of law or acted arbitrarily, its judgment will not be disturbed on appeal. Central Mut. Ins. Co. v. Dickason, 451 P.2d 1 (Okl.1969).

Affirmed.

All Justices concur.