2006 OK CIV APP 38

**STATE of Oklahoma, ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff/Appellant,**

v.

**Dale E. DAVIS and Sara M. Davis, husband and wife, Defendants/Appellees,**

**Juanita Davis, life tenant; Juanita Davis and Dale E. Davis, Co–Trustees of the Juanita Davis Revocable Trust; Juanita Davis Revocable Trust; and the Okfuskee County Treasurer, Defendants.**

No. 101,206.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 2, 2006.

As Corrected Feb. 6, 2006.

Wm. Bailey Cook, III, Ada, OK, For Appellant.

Thomas H. Stringer, Henryetta, OK, For Appellees.

Opinion by LARRY JOPLIN, Judge.

¶ 1 Plaintiff/Appellant State of Oklahoma, ex rel. Department of Transportation (State or ODOT), seeks review of the trial court's order determining consequential damages in State's action to condemn property owned by Defendants/Appellees Dale E. Davis and Sara M. Davis, husband and wife (Owners), for construction of a highway. In this appeal, State complains the trial court erred in determining the extent of consequential damages to Owners' property.

¶ 2 State sought to condemn less than an acre of Owners' property for construction of a highway. The appointed commissioners reported damages of $10,000.00. Both parties objected to the commissioners' report, and demanded jury trial on damages. The parties later waived the right to jury trial, and agreed to a non-jury trial before the bench.

¶ 3 State presented the testimony of a certified real estate appraiser, Mr. Franklin. He estimated temporary and permanent damage to Owners' property at $4,325.00, with no consequential damage to the remainder.

¶ 4 Owners presented the testimony of Mr. Mathis, a licensed appraiser. He estimated temporary and permanent damage to Owners' property at $5,600.00, with $10,000.00 in consequential damage to the remainder. Mathis stated he based his opinion concerning the extent of consequential damage on his "experience," but admitted he had no market data to support his opinion. Owner, Dale Davis, opined that the highway construction diminished the value of the property by fifty percent (50%), and estimated his consequential damage at $30,000.00.[1]

1. Mr. Davis, a retired banker of 27 years, testified concerning his experience in valuing property for loan purposes. He valued his property at about $60,000.00 before the "take," and testified the actual "take" of his property reduced the size of his front yard by half, consequently reducing the value of the property as a whole by about one-half. Mr. Davis also testified that the actual "take" of his property reduced the size of a corral necessary for the operation of his cattle

¶ 5 State then offered the testimony of a second certified real estate appraiser, Mr. Moon. He testified that Mathis's appraisal of consequential damages violated the Uniform Standards of Professional Appraisal Practice (USPAP) as wholly speculative and without substantiated basis.

¶ 6 On consideration of testimony, the trial court awarded Owners actual damages for the taking of their property in the sum of $4,963.00, the average of the appraisals of State's expert and Owners' expert. The trial court, however, rejected the opinion of Mathis concerning the extent of consequential damage to the remainder of Owners' property as "without basis," not "according to law (USPAP), not appropriate and ... not ... used by the Court as credible evidence." The trial court nevertheless "found damages to the remainder [of Owners' property] and valued by averaging the value given by ... Franklin of ($0.00) and the value given by the landowner ($30,000.00), thus yielding $15,000.00 as damages to the remainder." The trial court thus entered judgment for Owners granting $19,963.00 in actual and consequential damages, together with their costs and attorney's fees.[2]

¶ 7 In its sole proposition on appeal, State asserts the trial court erred in calculating and awarding consequential damages. Particularly, State complains the trial court's award of $15,000.00, derived by averaging the values assigned by Franklin and Owners, constitutes an impermissible "quotient verdict" which should be vacated. *See, e.g., Salter v. Larison,* 1924 OK 304, 226 P. 585; *St. Louis & S.F.R. Co. v. Brown,* 1914 OK 451, 144 P. 1075. Owners distinguish the

"quotient verdict" prohibition as applicable only to the verdict of a *jury* "[w]here the jurors agree *in advance* to be bound by a quotient so determined, or where the consent of any juror to a verdict is determined by any resort to chance." *Salter,* 1924 OK 304, ¶¶ 0(3), (4), 226 P. 585; *St. Louis & S.F.R. Co.,* 1914 OK 451, ¶ 1, 144 P. at 1077. (Emphasis added.) So, say Owners (although without citation of authority), the trial court properly determined the measure of consequential damage within the range established by the testimony.

¶ 8 "The owner of real property, residing thereon, and who claims to be familiar with land values in the area, is a competent witness to express an opinion upon the value of such property." *Arkansas Louisiana Gas Co. v. Ackley,* 1965 OK 198, ¶ 0(4), 410 P.2d 35, 36. *See also, Poteete v. MFA Mut. Ins. Co.,* 1974 OK 110, ¶ 18, 527 P.2d 18, 21 [3]; *Hartford Fire Ins. Co. v. Smith,* 1929 OK 512, ¶¶ 13, 14, 284 P. 624, 626.[4] An owner's opinion concerning the value of his/her property "is not conclusive," but constitutes a factor "consider[ed] ... together with all other circumstances and facts in the case," and the value of property lost or destroyed "is, as any other fact issue, subject to the jury's determination...." *Poteete,* 1974 OK 110, ¶ 18, 527 P.2d at 21. A factual determination of the value of condemned property in "an amount between the lowest and the highest figures testified to" will be affirmed if supported by competent evidence. *See, Ackley,* 1965 OK 198, ¶ 21, 410 P.2d at 38.

business, and estimated cost of rebuilding a fence and corral of sufficient size at something between $10,000.00 and $12,000.00. At one point, Davis asserted that it would cost $35,000.00 to "get back into [his cattle] operation just the way [he was] before" the take.

2. The trial court awarded costs and attorney's fees of $10,430.69.

3. "An owner of property is not required to prove his qualifications in order to testify as to the value of property in the same degree as a stranger. An owner is competent to testify as to his opinion as to the value of his property which has been destroyed by fire.... The only necessary

qualification of a witness to give an opinion as to value of property destroyed by fire is a fair knowledge of the property and its value when and where destroyed...." (Citations omitted.)

4. " 'An owner of property is not required to prove his qualifications, in order to testify as to the value of property, in the same degree as a stranger.' In these circumstances it is sufficient to say that the owner of a chattel is a competent witness to give in evidence what he considers to be the value of such property, where his valuation is based on ownership of other like property, the cost of the particular property, and value of like property owned by another, as was the case here." (Citations omitted.)

¶ 9 In the present case, Owner testified concerning his knowledge of land values in the area as a result of his twenty-seven years in the banking business, and expressed his opinion concerning extent of the consequential damage to his property as a result of the take. State does not challenge the basis of his opinion on any ground, and Davis's opinion constitutes competent evidence of his property's consequential damage for the trial court's consideration.

¶ 10 State offered the testimony of a real estate appraiser argued to establish no consequential damage to Owners' property as a result of the take. State's evidence also constitutes competent evidence for the trial court's consideration.

¶ 11 The transcript of trial reflects that, in considering the conflicting evidence of value, the trial court discounted Davis's opinion concerning the extent of consequential damage to his property as, perhaps, "understandably" "exaggerated." The transcript also reflects that the trial court discounted State's expert's opinion of no consequential damage as in disregard of the evidence of some damage to the remaining property. The trial court set the award of consequential damages within the range established by the testimony, and we find competent evidence to support the trial court's conclusion. *Ackley,* 1965 OK 198, ¶ 21, 410 P.2d at 38.

¶ 12 Further, we discern no impermissible "quotient verdict." The "quotient verdict" doctrine generally applies only to vitiate a *jury verdict* where, *before deliberation,* the members of the *jury* agree to assess damages by quotient *without regard or consideration of all the facts and circumstances of the case,* thus abdicating their duties and responsibilities as the arbiters of the facts. *Salter,* 1924 OK 304, ¶ 15, 226 P. at 587; *St. Louis & S.F.R. Co.,* 1914 OK 451, ¶ 1, 144 P. at 1077. Even if we assume the "quotient verdict" proscription applies to a decision of a *trial court* sitting *without a jury,* the record in the present case reveals no pre-determination decision by the trial court to assess damages by quotient, and it is clear the trial court fully considered all the facts and circumstances of the case before rendering its decision. Although the trial court calculated the amount of consequential damage by averaging the values assigned by State's expert and Owner, the fact that the trial court set the amount of consequential damage to Owners' property by average of the estimates does not render the determination an impermissible "quotient verdict" where, as here, the record reflects the trial court's independent evaluation of all the facts and circumstances of the case. *Salter,* 1924 OK 304, ¶ 15, 226 P. at 587; *Oklahoma, K. & M. Ry. Co. v. McGhee,* 1921 OK ——, ¶¶ ——, ——, 84 Okla. 116, 202 P. 277, 278; *St. Louis & S.F.R. Co.,* 1914 OK 451, ¶ 4, 144 P. at 1077.

¶ 13 The order of the trial court is therefore AFFIRMED.

BELL, P.J., and HANSEN, J., concur.