2007 OK CIV APP 13

Patsy A. SOUTHERLAND, Individually, Plaintiff/Appellant,

and

Patsy A. Southerland, on behalf of Howard L. Southerland, Deceased, Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE CO., Milk Transport Services, L.P., and Larry Langeberg, Defendants,

and

Primax Recoveries, Inc., Intervenor/Appellee.

No. 102041.

Court of Civil Appeals of Oklahoma, Division No. 4.

March 21, 2006.

Certiorari Denied June 26, 2006.

Jack Mattingly, Jr., The Mattingly Law Firm, P.C., Seminole, OK, for Plaintiff/Appellant.

Karen M. Grundy, Nichols, Wolfe, Stamper, Nally, Fallis & Robertson, Inc., Tulsa, OK, for Intervenor/Appellee.

DOUG GABBARD II, Presiding Judge.

¶ 1 This is an appeal from a denial of a motion for new trial in an ancillary proceeding awarding reimbursement or subrogation to a health benefits provider against monies recovered by the insured in a personal injury lawsuit. We reverse and remand with directions.

## FACTS

¶ 2 Plaintiff/Appellant Patsy Southerland (Southerland) and her husband were involved in a car accident on March 14, 2003, when a milk truck driven by Defendant Larry Langeberg and owned by Defendant Milk Transport Services pulled out in front of them. Southerland's husband was killed. Southerland sustained extensive permanent injuries. Southerland filed suit, both in an individual capacity, and on behalf of her deceased husband. On May 17, 2004, all of their claims were settled for $1.2 million.

¶ 3 Southerland, a federal employee, had been provided health insurance through PacifiCare/Secure Horizons of Oklahoma, Inc., by her employer pursuant to the Federal Employee Health Benefits Act (FEHBA), 5 U.S.C. §§ 8901–8914 (2000). The insurance policy contained a subrogation provision which stated:

> When you receive money to compensate you for medical or hospital care for injuries or illness caused by another person, you must reimburse us for any expenses we paid. However, we will cover the cost of treatment that exceeds the amount you received in the settlement.

As a result of the accident, PacifiCare paid $240,723.45 for medical services provided to Southerland. PacifiCare directed its subrogation reimbursement agent, Primax Recoveries, Inc. (Primax), to intervene in the lawsuit and recover the sums expended.

¶ 4 On November 22, 2004, an evidentiary hearing was held on Primax's ancillary claim. Southerland presented evidence that she paid $393,828.61 attorney fees and $20,854.28 costs out of her settlement, leaving her and her deceased husband's net recovery at $785,317.20. Primax stipulated that the fees and costs paid were reasonable. After considering the matter, the trial court found that Southerland was not made whole by the settlement, but that the "make whole" doctrine did not apply since the subrogation clause was unambiguous and clear. It also found that Primax was entitled to recover $157,786.87, a figure the trial court arrived at by prorating the attorney fees against Primax's claimed amount. Southerland filed a motion for new trial, which was subsequently denied by the trial court. Southerland now appeals, claiming that the trial court erred in not applying the "make whole" doctrine.

## STANDARD OF REVIEW

¶ 5 A trial court is vested with broad legal discretion in granting or denying a new trial, and its judgment will not be disturbed on appeal unless it clearly appears the court· erred in some pure question of law, or acted arbitrarily. *Poteete v. MFA Mut. Ins. Co.*, 1974 OK 110, ¶ 24, 527 P.2d 18, 22.

## ANALYSIS

¶ 6 Southerland contends that her insurance contract failed to provide for priority of subrogation or reimbursement when one of its insureds failed to recover sufficient funds to make him or her whole. She argues that state law applies, making subrogation unenforceable until and unless she has been made whole, and because her settlement did not make her whole, Primax is not entitled to reimbursement for the health benefits Pacifi-Care paid. We agree.

¶ 7 In *Equity Fire and Casualty Company v. Youngblood*, 1996 OK 123, 927 P.2d 572, the Oklahoma Supreme Court reviewed a subrogation provision in an employee health benefit plan covered under the Federal Employee Retirement Income Security Act of 1974 (ERISA), now found at 29 U.S.C. § 1144 (2000). In that case, the Plan member had received $150,000 in injuries from an automobile accident, had sued the negligent party, and had only received $40,000. The Plan claimed that it was entitled to full reimbursement for the $31,845 that it paid on behalf of the member's health care. The Supreme Court noted that while ERISA provisions preempted state law, neither the Act nor the subrogation provision in question contained clear and unambiguous language establishing a priority of payment when the Plan member was not made whole by his or her lawsuit with a third party. Since the provision was not clear, the Supreme Court concluded that state law applied, and it adopted the "make whole" rule that an insurer was precluded from exercising its right of reimbursement until the insured's entire loss had been paid. The rule in *Equity* was later limited to contract cases, and was held not to apply to subrogation rights clearly established by statute, such as statutory liens. *See Young v. Columbia Sw. Med. Ctr.*, 1998 OK CIV APP 124, 964 P.2d 987; *Tomlinson v. Cont'l Cas. Co.*, 2003 OK CIV APP 84, 77 P.3d 628.

¶ 8 In this case, Primax has failed to direct our attention to, nor have we found, any statutory provision establishing the priority of payments in FEHBA contracts when the insured collects from a third party less than her full damages. On the contrary, the only applicable statutory provision is one which generally provides for federal preemption. It states:

> The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

5 U.S.C. § 8902(m)(1) (2000).

¶ 9 This provision is not far different than those discussed in *Equity*. As noted there, ERISA contained three preemption provisions: (a) a provision stating that Congress intended ERISA to preempt state law relating to self-funded employee benefit plans; (b) a savings clause providing that preemption did not apply to any state law which regulated insurance, banking, or securities; and (c) a "deemer clause" providing that an employee benefit plan would not be deemed to be an insurance company or insurer, bank, trust, or investment company. Although the preemption clearly provides that federal law controls regarding contract provisions providing for payment with respect to benefits, it does not set forth any specific language or terms regarding such payments. Thus, this case turns upon whether the policy language provides for a scheme or priority of reimbursement. We find that it does not.

¶ 10 In *Equity*, the policy provided that the Plan member's right of recovery, if any, from a third party "shall be subrogated to the Plan to the extent of Plan benefit payments" and that the Plan member would pay to the Plan "any amounts received from such [third party] to the extent of Plan benefits paid...." Here, the contract states:

> When you receive money to compensate you for medical or hospital care for inju-

ries or illness caused by another person, you must reimburse us for any expenses we paid. However, we will cover the cost of treatment that exceeds the amount you received in the settlement.

Like the plan in *Equity,* the present policy is silent regarding the priority for paying reimbursement when the insured has not been made whole by the third party payment. The present policy's provisions are more clearly understood when compared to those which the *Equity* court found genuinely unambiguous: those which recited that the plan would be reimbursed "regardless of whether you have been fully compensated"; those which provided that "[i]f you receive any payments from the third party, the Company expects 100% reimbursement for any plan benefits paid"; and those which stated that the plan "shall be paid … before the payment of any recovery due from that party to the participant."

¶ 11 Because the present policy fails to clearly and unambiguously provide for the reimbursement and priority of payment when the insured has not been fully compensated by payments from a third party, we must apply state law. Here, Primax does not challenge the trial court's finding that Southerland was not made whole by the settlement. Accordingly, we find that Oklahoma's made whole rule applies, rendering the subrogation and reimbursement provision unenforceable.

## CONCLUSION

¶ 12 Accordingly, because the subrogation provision is unenforceable under the facts of this case, this matter is reversed and remanded to the trial court with directions to grant judgment to Southerland.

RAPP, V.C.J., and REIF, J., concur.